UNITED STATES of America,
Plaintiff–Appellant,

v.

Charles Kevin GREEN, Defendant–
Appellee.

No. 96–50127.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1996.

Decided Jan. 30, 1997.

Becky S. Walker, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellant.

Howard E. Beckler and Forrest Latiner, Hollywood, CA, for defendant-appellee.

Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,* District Judge.

MICHAEL DALY HAWKINS, Circuit Judge:

We consider here an issue of first impression in this Circuit: whether the government, as we have previously held with respect to defendants, is entitled to reasonable notice of a sentencing court's intention to make a departure (here, a sizeable one) on a ground

---

* Honorable William W Schwarzer, Senior U.S. District Judge for the Northern District of California, sitting by designation.

not identified in the presentence report ("PSR"). We conclude the government, for many of the salutary reasons applicable to defendants in the reverse situation, is entitled to notice. For the failure to provide that notice, as well as other errors in connection with this sentencing, we vacate Green's sentencing and remand for resentencing.

Defendant–Appellee Charles Kevin Green ("Green") pled guilty to the manufacture and cultivation of 4,315 marijuana plants with the intent to distribute, a conviction that would ordinarily have subjected him to a mandatory minimum of ten years in prison. The government agreed to downward adjustments for the application of the "safety valve" provisions and for the defendant's acceptance of responsibility. Although the sentencing range after adjustment was Level 23 (46 to 57 months), the district court sentenced Green to probation. The district court justified the additional downward departure on the grounds of aberrant behavior.

## STANDARD OF REVIEW

■ We review a district court's factual findings in connection with sentencing for clear error and its legal determinations de novo. *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 375, 136 L.Ed.2d 264 (1996). We review a district court's decision to depart from the Guidelines for abuse of discretion. *Koon v. United States*, —— U.S. ——, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

## DISCUSSION

### A. Notice

■ *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), holds that a district court must give a defendant reasonable notice of an intent to depart upward on a ground not identified in either the PSR or the prehearing submission by the government. *Id.* at 138, 111 S.Ct. at 2187. The Supreme Court noted that the issue before it could also appropriately be framed as "whether the *parties* are entitled to notice before the district court departs upward *or* downward from the Guidelines range. Under Rule 32, it is clear that the defendant

and the government enjoy equal procedural entitlements." *Id.* at 135 n. 4, 111 S.Ct. at 2186 n. 4 (emphasis in original). The Court also stated that "Congress did not intend district courts to depart from the Guidelines sua sponte without first affording notice *to the parties.*" *Id.* at 136, 111 S.Ct. at 2186 (emphasis added). Several of our sister circuits have held that *Burns* applies equally to downward departures and notice to the government. *See United States v. Maddox,* 48 F.3d 791, 799 (4th Cir.1995); *United States v. Andruska,* 964 F.2d 640, 644 (7th Cir.1992); *see also United States v. Jagmohan,* 909 F.2d 61, 63 (2d Cir.1990) (same holding pre-*Burns* ).

This case illustrates how the government may be prejudiced by a lack of notice. The PSR indicated Green was involved in the cultivation of two prior marijuana crops, a fact the district court disregarded without explanation. The government argues that if it had been given an opportunity to clarify the record regarding this information, it would have presented evidence to show that Green's behavior was not at all aberrant. The government was entitled to this notice and the attendant opportunity to make a factual record on an important sentencing issue.

### B. Aberrant Behavior

■ The district court failed to state its reasons for finding Green's behavior aberrant and why such a significant departure was warranted. While a district court is afforded wide discretion in departing from the Sentencing Guidelines, it is difficult to review an unarticulated rationale. If the district court, after giving the government its opportunity to oppose the downward departure, still feels a departure is warranted, it must "explain the reasoning for both the direction and degree of the departure in sufficiently specific language to allow appellate review." *United States v. Henderson,* 993 F.2d 187, 189 (9th Cir.1993) ("We 'do not search the record for permissible reasons for departure; instead, we analyze the reasons actually given by the district court.' "); *see also* 18 U.S.C. § 3553(c)(2); *United States v. Goshea,* 94 F.3d 1361, 1365 (9th Cir.1996).

The need for an explanation of the district court's reasoning appears to be particularly appropriate here. On the record before us, it does not appear that there are any facts which would make Green an appropriate candidate for an aberrant behavior departure. Departures on aberrant behavior grounds are justified because of the presence of mitigating circumstances "not adequately taken into consideration by the Sentencing Commission." *See* 18 U.S.C. § 3553(b). While we have not required that the behavior be a single spontaneous or thoughtless act involving no planning, we have to some extent relied on the concept of "singularity or spontaneity." *United States v. Lam*, 20 F.3d 999, 1004 (9th Cir.1994). We have also placed considerable emphasis on a defendant's motivations and any surrounding extenuating circumstances. *See, e.g., id.* at 1005 (recent robbery and concern for family's safety prompted purchase of illegal gun); *United States v. Fairless*, 975 F.2d 664, 668 (9th Cir.1992) (defendant suffering from manic depression); *United States v. Takai*, 941 F.2d 738, 741 (9th Cir.1991) (defendants motivated to help their family, rather than by greed).

One could search this record in vain to find any particular extenuating circumstances, other than Green's lack of a prior criminal record, and we long ago concluded that an absence of criminal history is not synonymous with aberrant behavior.[1] *Takai*, 941 F.2d at 743. Criminal history is already taken into account by the Sentencing Guidelines. The Guidelines also indicate that the other factors discussed at Green's sentencing hearing, such as education level and employment history, are discouraged departure factors. U.S.S.G. § 5H1.2. Green's marijuana operation was significant and well-planned; no rationale for the behavior was proffered other than the money Green and his co-defendant planned to share. Green admits he was involved in the scheme for at least a few months; the PSR suggests this was at least two years. Therefore, on this record it does not seem that there were any mitigating circumstances not fully taken into account by the Guidelines.

The extent of the departure here is remarkable. In previous cases in which we have upheld departures on aberrant behavior grounds, the departures have ranged from 1–5 levels. *See Fairless*, 975 F.2d at 664; *Takai*, 941 F.2d at 738. The departure in this case is effectively 15 levels, from an adjusted level of 23 to level 8 (the highest level for which probation could be given). Congress clearly intended for judges to be able to mitigate the stringencies of the Guidelines; however, this type of departure seems more akin to ignoring the Guidelines altogether.

## C. Illegality of the Sentence

■ Regardless of what the district court decides to do on remand after affording the government notice, we hold that a sentence of probation for this offense is not an option within the court's discretion. Green was convicted of violating 21 U.S.C. § 841(a)(1). Section 841(b) prescribes the mandatory minimum prison term for such an offense (10 years), and also indicates that "notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph." Green argues that the safety valve provision "trumps" this prohibition on probation and allows judges to disregard not only the 10–year statutory minimum, but also the statutory prohibition on probation.[2]

Green argues that there is no difference between a statutory minimum term of imprisonment and a ban on probation, and therefore that the language of § 3553(f) allows the sentencing judge to disregard both. If this were so, then § 841(b) would create two "minimum sentences." The ban on probation in § 841 would be unnecessary if there

---

1. Indeed, Green's counsel, a thoroughly experienced criminal defense practitioner, admitted he could find no principled basis for a downward departure (other than lack of a record).

2. The safety valve provision provides in pertinent part:

Notwithstanding any other provision of law ... the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... without regard to any statutory minimum sentence, ....
18 U.S.C. § 3553(f).

were not a way, such as § 3553(f), to dip below the 10–year minimum imprisonment. To suggest that a court can disregard both the minimum sentence and the probation ban would render the ban on probation in § 841 entirely meaningless, since every time a court avoided the 10–year minimum, it could also disregard the probation ban. Construing § 841(b) to give effect to every provision, it appears that § 841 establishes the probation ban as the ultimate floor in case the mandatory minimum sentence is somehow avoided. We therefore hold that the "notwithstanding any other provision of law" language in § 3553(f) is tied only to the ability to disregard statutory minimum terms of imprisonment; any other reading would eviscerate this ultimate floor in § 841. *Cf. United States v. Belt,* 89 F.3d 710 (10th Cir.1996) (reaching the same result in applying § 3553(e) to disregard minimum term of imprisonment but not probation ban); *United States v. Roth,* 32 F.3d 437 (9th Cir.1994) (same); *United States v. Snelling,* 961 F.2d 93 (6th Cir.1991) (same).

Furthermore, although § 3553(f) allows courts to disregard the statutory minimum sentence, it still requires the sentence to be "according to the guidelines." Two provisions in the Guidelines *themselves* clarify that a sentence of probation is impermissible for the crime committed by Green. First, probation is prohibited under the Guidelines for any "Class A" felony, which is defined in the Guidelines as a crime which carries a maximum term of life imprisonment. 18 U.S.C. § 3561(a)(1) & § 3559(a)(1); U.S.S.G. § 5B1.1(b)(1). Because Green was convicted of cultivating more than 1,000 marijuana plants, he was subject to a maximum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(vii). Second, the Sentencing Guidelines also expressly incorporates the probation ban in statutes such as § 841(b), by prohibiting probation in the event that the offense of conviction expressly precludes probation as a sentence. 18 U.S.C. § 3561(a)(2); U.S.S.G. § 5B1.1(b)(2).

We therefore hold that the safety valve permits the court to disregard the mandatory 10–year term of imprisonment contained in § 841, but that probation is prohibited as a sentencing option under the remaining provisions of § 841 and by the Guidelines themselves. Thus, on remand, even if the court decides Green's behavior still qualifies as aberrant and that a significant departure is warranted, a sentence of probation is not available as a sentencing option.

## CONCLUSION

We hold that the government is entitled to notice of a sentencing court's intention to make a downward departure from the Sentencing Guidelines, that the basis and extent of departure in this case constituted an abuse of discretion by the sentencing court, and that where the safety valve is employed to avoid a mandatory minimum term of imprisonment, probation is not a sentencing option when prohibited by the offense statute (here, 21 U.S.C. § 841(b)), and/or by the Guidelines themselves (18 U.S.C. § 3561(a)(1) & (2)).

Green's sentence is VACATED, and this matter is REMANDED for resentencing.