UNITED STATES of America,
Plaintiff—Appellant,

v.

Dorothy MENYWEATHER,
Defendant—Appellee.

No. 01–50438.

D.C. No.  CR–00–01253–R.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided May 16, 2002.

Before KLEINFELD and GRABER,
Circuit Judges, and COLLINS,* District
Judge.

MEMORANDUM **

The Government appeals the sentence imposed on Defendant Dorothy Meny-

---

* Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

weather, arguing that the district court abused its discretion when it failed to provide reasons for its eight-level downward departure from the sentence indicated by the United States Sentencing Guidelines. Defendant concedes that the district court erred by not explaining its reasoning for both the direction and the degree of the departure. *See, e.g., United States v. Green*, 105 F.3d 1321, 1322 (9th Cir.1997).

The parties disagree only about the appropriate scope of the remand. We conclude that a limitation on the remand is not appropriate but, instead, that we will simply vacate the sentence and remand the case to the district court for resentencing and for a specific explanation for the departure, if any, that the court deems is warranted. *See United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.2002) (en banc) (holding that, as a general matter, if a district court errs in sentencing, we remand for resentencing without a limiting instruction). We are not persuaded that the circumstances justify a limiting instruction here.

In resolving the issue presented to us by the parties, we identified another aspect of the sentence in which the district court erred as a matter of law. The judgment requires the defendant to pay restitution to the United States Attorney's office in the amount of $419,521.00 and to Kenichi Kimura, an individual, in the amount of $16,397.00, "in such amounts and installments as directed by the Probation Officer." Under 18 U.S.C. § 3664(i), the court *must* direct that Kimura be paid first:

> If the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim. *In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.*

(Emphasis added.) The judgment in this case failed to make that provision. When the district court on remand resentences Defendant in other respects, it shall include the foregoing requirement.

Sentence VACATED; REMANDED for resentencing.