**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Wilmer CASTRO–HURTADO, Defendant—Appellee.**

**United States of America, Plaintiff—Appellant,**

v.

**Hector Fabio Pineda–Torres, Defendant—Appellee.**

**United States of America, Plaintiff—Appellant,**

v.

**Wilinton Rivas–Ibarguen, Defendant—Appellee.**

United States of America,
Plaintiff—Appellant,

v.

Froilan Grueso–Cardenas,
Defendant—Appellee.

Nos. 02–50425 to 02–50428.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided June 19, 2003.

Before: TROTT and TALLMAN, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

The United States appeals the district court's sentence imposed on four defen-

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dants. We review a district court's decision to depart for an abuse of discretion. *Koon v. United States,* 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We review a district court's factual findings at sentencing for clear error. *United States v. Green,* 105 F.3d 1321, 1322 (9th Cir. 1997). But we review a district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Daas,* 198 F.3d 1167, 1180 (9th Cir. 1999).

Section 5K2.20 of the Sentencing Guidelines permits a deduction if the defendant's conduct was based on "aberrant behavior." Note 1 of § 5K2.20 defines aberrant behavior as "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life."

■ The district court's conclusion that the defendants did not engage in significant planning is supported by the record. There is no evidence that the defendants planned the operation, placed the cocaine on the boat, owned the cocaine, or owned the boat. By all accounts they were paid by a third party to drive the boat for 48 hours to Costa Rica. The most "planning" was done by Pineda–Torres, who was asked by the smugglers to recruit the other defendants. Even so, it was not clear error for the district court to conclude that the defendants' planning was not "significant" under these circumstances.

Many other facts also support the district court's departure for aberrant behavior. None of the defendants have a criminal history of any kind. All of the defendants are poor, come from a country that is politically and economically unstable, and decided to engage in the activity within a short time frame. Thus, we hold that the district court did not abuse its discretion in departing downward for aberrant behavior.

■ We hold, however, that the district court did abuse its discretion by relying on sentencing disparity as one of many factors supporting an eight-level downward departure. *Daas, United States v. Banuelos–Rodriguez,* 215 F.3d 969 (9th Cir.2000) (en banc), and *United States v. Caperna,* 251 F.3d 827 (9th Cir.2001), collectively stand for the proposition that sentencing disparity cannot be considered if the comparative defendants were convicted of different crimes. Here, the group of men arrested on October 19, 2001, pled guilty to a different charge than the group of men arrested on October 20, 2001. It was therefore improper for the district court to consider sentencing disparity.

■ "When a reviewing court concludes that a district court based a departure on both valid and invalid factors, a remand is required unless it determines the district court would have imposed the same sentence absent the reliance on the invalid factors." *Koon,* 518 U.S. at 113. Under the November 2002 amendments to the Sentencing Guidelines, which would apply on remand, the defendants would be eligible for the mitigating role cap now authorized in U.S.S.G. § 2D1.1(a)(3), making their base offense level 30 instead of 38. Were the district court to apply the same deductions and departures as it previously did, the district court would need only depart two more levels to reach the same sentencing range–18–24 months–it reached before. We think it clear from the record that even if the district court did not consider sentencing disparity at all it would still depart two more levels based on the combination of factors it articulated to reach the same result. Therefore, although the district court erred in considering sentencing disparity, there is no reason

to remand because the district court could still impose the same sentence.

Additionally, although we do not reach the issue in light of our disposition, we add that we are highly skeptical of the government's assertion that it can resentence these defendants in absentia when *the government* has released and deported them back to their native Colombia after they completed service of the sentence initially imposed. Fed.R.Crim.P. 43(a)(3).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.