UNITED STATES of America,
Plaintiff—Appellant,

v.

Dorothy MENYWEATHER,
Defendant—Appellee.

No. 02–50457.
D.C. No. CR–00–01253–MLR.

United States Court of Appeals,
Ninth Circuit.

Submitted May 21, 2003.*

Decided July 7, 2003.

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,** District Judge.

### MEMORANDUM***

Defendant Dorothy Menyweather pleaded guilty to mail fraud. An earlier appeal by the government resulted in a reversal and remand for resentencing. *United States v. Menyweather*, 36 Fed.Appx. 262, 2002 WL 1001142 (9th Cir.2002). The government now appeals from the judgment entered upon resentencing. We again reverse and remand for resentencing.

1. The district court relied on a ground as to which the government did not

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have notice. Following our previous remand, the district court held a short sentencing proceeding. Defense counsel argued for the same sentence, giving among several reasons that Defendant "has complied with everything for the past year." In its written Conclusions of Law, the district court handwrote the following emphasized phrase at the end of the document: "Based upon the foregoing on July 22, 2002, this Court departs downward 8 levels, resulting in a guideline range of 0–6 months, and imposed the sentence stated on the record at that time. *Included herein is also a consideration of post-conviction rehabilitation.*" (Emphasis added.)

Assuming, without deciding, that "post-conviction rehabilitation" is a permissible factor, *but see* U.S.S.G. § 5K2.19 (effective Nov. 1, 2000, prohibiting departure based on post-sentencing rehabilitation), the government lacked notice that this factor would be considered and thus had no opportunity to present evidence or arguments. The district court's reliance on a new factor, without notice, is error. *United States v. Green*, 105 F.3d 1321, 1322 (9th Cir.1997).

2. The district court gave no reasoned explanation for the *extent* of the departure. Although the court explained the *bases* for the departure, it still did not explain why an 8–level departure was selected, reducing the sentence from a significant term of imprisonment to probation. In the circumstances, an explanation was required. 18 U.S.C. § 3553(c)(2); *United States v. Working*, 224 F.3d 1093, 1101–03 (9th Cir.2000) (en banc).

REVERSED and REMANDED for further proceedings. The new sentencing judgment must provide that Kenochi Kimura shall be paid in full prior to any restitution monies being paid to the U.S. Attorney's office.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.