**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2017
Decided May 30, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1366

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-CR-30152-NJR-05 |
| AKEELAN L.J. PAULETTE, *Defendant-Appellant.* | **Nancy J. Rosenstengel**, *Judge.* |

**O R D E R**

Akeelan Paulette was caught transporting cocaine on an Amtrak train for the benefit of his uncle, Ayiko Paulette.[1] He was charged with conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), and traveling interstate in support of racketeering in violation of 18 U.S.C. § 1952. After the district court refused to accept his untimely motion to suppress evidence, he pled guilty to both charges. Paulette faced a presumptive statutory minimum of five years in prison because of the drug quantity under 21 U.S.C. § 841(b)(1)(B), but he also qualified for an exception to that minimum under the "safety valve" in 18 U.S.C. § 3553(f). He was sentenced to

---

[1] Ayiko Paulette's appeal, no. 16-1099, is discussed in a separate opinion.

probation for five years—a lucky break, given that probation is prohibited by statute even when the safety valve applies. See *United States v. Thomas*, 930 F.2d 526, 527–28 (7th Cir. 1991) (concluding that prohibitions against probation in § 841(b) remain even after application of 18 U.S.C. § 3553(e)), overruled in part on unrelated ground by *United States v. Canoy*, 38 F.3d 893, 906–07 (7th Cir. 1994); *United States v. Green*, 105 F.3d 1321, 1323–24 (9th Cir. 1997) (same as to § 3553(f)). The government did not appeal the sentence of probation.

Paulette filed a notice of appeal, though. His appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Paulette has not responded to our invitation to comment on counsel's motion pursuant to Circuit Rule 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers a challenge to the district court's rejection of Paulette's untimely motion to suppress. (Paulette specifically reserved the right to challenge this ruling on appeal.) About a month before pretrial motions were due, Paulette's lawyer withdrew from the case and a new lawyer was appointed. The new lawyer moved to continue the trial date, but she did not seek to extend the deadline for pretrial motions. That deadline passed without action by Paulette's lawyer.

Nearly five months after the deadline had passed, counsel asked for an extension to file a motion to suppress. She explained that she was having "communication problems" with Paulette but said he had told her he wanted to file a motion to suppress. Counsel noted that she had been appointed late in the case and inherited "voluminous" discovery. She asked the district court to accept her attached motion to suppress, which argued that police had stopped Paulette illegally at the train station.

The district court denied the requested extension and struck the untimely motion, finding that the lawyer had not shown good cause for missing the deadline. The court explained that even though the lawyer had been appointed late in the case, she had three weeks to ask for an extension but inexplicably waited until five months after the deadline had passed. The court added that the motion was meritless anyway because, as the court had detailed in denying the uncle's motion to suppress, the agents had reasonable suspicion for the investigatory detention. Paulette's lawyer then filed a motion to reconsider, asking the court simply to deny the motion to suppress on the merits. The

court denied that motion because Paulette's lawyer still had not established good cause for the delay.

We agree with appellate counsel that any challenge to the district court's decision would be frivolous. District courts have discretion whether to allow untimely motions to suppress for good cause. See Fed. R. Crim. P. 12(b)(3)(C); *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011). Under these circumstances, where the new trial lawyer waited months before seeking leave to file a late motion to suppress and offered no good reason for the delay, there is no sign that the district court abused its discretion. See *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008) (no good cause where new counsel never requested extension).

Appellate counsel next evaluates a potential challenge on the merits of the motion to suppress. But because trial counsel did not establish good cause and thus the motion was not allowed, we could not consider the asserted ground for suppression, not even for plain error. See *United States v. Daniels*, 803 F.3d 335, 351–52 (7th Cir. 2015); *United States v. Acox*, 595 F.3d 729, 730–31 (7th Cir. 2010). Accordingly, the challenge would be frivolous.

Finally, appellate counsel weighs and correctly rejects as frivolous a possible attack on the validity of Paulette's guilty plea, explaining that Paulette expressed some interest in withdrawing the plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). The district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. See *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The court discussed the nature of the charges and possible penalties, the trial rights Paulette was giving up, and the role of the Sentencing Guidelines along with the court's discretion in applying them. Appellate counsel says that the district court neglected to inform Paulette about any waiver of his right to appeal or to file a collateral attack, see Fed. R. Crim. P. 11(b)(1)(N), but Paulette did not waive these rights under the terms of his guilty plea.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.