**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark JACKSON, Defendant–Appellant.**

No. 88–8470.

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1989.

Carlos D. Sans, Sheila Tyler, Asst. Federal Public Defenders, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Robert L. Barr, U.S. Atty., Janet F. King, F. Gentry Shelnutt, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before VANCE and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

PER CURIAM:

Mark Jackson was convicted of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (count one), and using a firearm during the robbery in violation of 18 U.S.C. § 924(c) (Count Two). The trial court sentenced Jackson to consecutive prison terms of 52 months for count one and five years for count two. He appeals his conviction and sentence, and we affirm. The only issue raised by Jackson which warrants discussion is his challenge to the district court's application of the Federal Sentencing Guidelines to his case.[1]

Jackson contends that the district court erred in upwardly departing from Jackson's criminal history guideline range of

1. The other issues Jackson raises on appeal are without merit and warrant no discussion.

category III to category IV, thus increasing his sentencing range from 37–46 months to 46–57 months.[2]

At sentencing, the government introduced uncontroverted evidence showing that Jackson had committed two prior armed robberies in Gwinett County, Georgia. These robberies occurred eight days apart and were indicted separately, but were tried together and therefore counted as one offense under the guidelines. Sentencing Guidelines § 4A1.2(a)(2). The guidelines provide that three points are assigned for each prior sentence, counting only prior sentences imposed within fifteen years and counting only prior sentences of imprisonment exceeding one year and one month. *Id.* § 4A1.1(a). While prior sentences in unrelated cases must be counted separately in calculating a defendant's criminal history score, prior sentences in "related cases" are to be treated as one sentence. *Id.* § 4A1.2(a)(2). The Application Notes accompanying the guidelines state that cases are related if, *inter alia,* they were consol-

idated for trial or sentencing. *Id.* § 4A1.2 Application Note 3. Therefore, Jackson received three points on his criminal history score, as if he had only one prior conviction, instead of the six points for two convictions that he would have received had the robberies been tried separately. The district court found that criminal history category III did not accurately reflect the seriousness of Jackson's past criminal behavior or the likelihood that he would commit further crimes, and departed upward to category IV.[3] We readily conclude that the district court properly departed from the sentencing guidelines because the guidelines themselves specifically contemplate departure in cases such as this one.

18 U.S.C.A. § 3553(b) (West 1985 and 1989 Supp.) allows the sentencing court to depart from the guidelines if the

court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that

---

2. Jackson does not dispute that his offense level under the guidelines is 19. The guidelines require that an offender with an offense level score of 19 and a criminal history category III be sentenced to 37–46 months, while someone with an offense level score of 19 and a criminal history category IV should receive a 46–57 month sentence. *See* Sentencing Guidelines Chapter 5, Part A.

3. The court, *inter alia,* found that:

This defendant committed two robberies within a span of less than two weeks robbing the same business establishment on both occasions.

The frequency of his criminal conduct indicates him to be a daring and opportunistic criminal. Both robberies were committed during early morning hours which resulted in the same victim being terrorized on the both occasions.

During the first robbery, the defendant threatened to kill her if she didn't give him the money.

Had the two robberies been marked by separate arrests, convictions and sentences, the defendant would not score as a category three or four offender. He would've been classified as a career offender with sentencing guidelines category six being mandated.

While the frequency of the defendant's criminal conduct effectively prevented separate proceedings from occurring, it in no way lessens the seriousness of his crimes nor

makes him any less dangerous to the community. In fact, the opposite is true.

Based on these factors, the court concludes that the circumstances concerning the two convictions and sentences for robbery are sufficiently aggravating to warrant the court's considering an upward departure in the sentencing guidelines as asked for by the government. ...

The court makes the following additional findings of fact and conclusions of law:

One, prior sentence was not used in computing the criminal history category;

Two, prior sentences of substantially more than one year were imposed as a result of independent crimes committed on different occasions;

Three, aggravating circumstances involved in this defendant's prior criminal history were not and could not have been adequately taken into consideration by the sentencing commission;

Four, the defendant's criminal history category of three significantly underrepresents the seriousness of his criminal history. The seriousness of his criminal history most closely resembles that of most defendants with a category four criminal history; and,

Five, based on all the foregoing factors, it is concluded that the court is authorized to consider an upward departure in the guidelines and will look to the guideline range specified for a defendant with a category four criminal history to guide its departure.

should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.

*See United States v. Nuno–Para,* 877 F.2d 1409 (9th Cir.1989) ("the decision to depart must be based on the guidelines or policy statements in the guidelines"). In several places, such as the calculation of criminal history involved in this case, the guidelines specifically contemplate departure.

The Sentencing Commission has stated that

[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

*Id.* at § 4A1.3 (Policy Statement). Such information may include "prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions," and "prior similar adult criminal conduct not resulting in a criminal conviction." *Id.* The Commission cited one example warranting upward departure a defendant who "had received a prior consolidated sentence of ten years for a series of serious assaults." *Id.*

With regard to determining a "related offense" under the guidelines, the Sentencing Commission noted that its definition, which provides that cases consolidated for sentencing will be deemed "related," may result in "instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history

and the danger that he presents to the public." Sentencing Guidelines § 4A1.2 Application Note 3. As an example of such an instance, the Commission states that "if the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for this factor will not adequately reflect either the serious of the defendant's criminal history or the frequency with which he commits crimes." *Id.*

This case is precisely the type of situation with which the Commission was concerned. As the Second Circuit recently has noted, "[a] precise procedure regulates the exercise of discretion in making this type of departure" when the guidelines inadequately reflect a defendant's criminal history. *United States v. Cervantes,* 878 F.2d 50, 53 (2d Cir.1989); *see United States v. Miller,* 874 F.2d 466, 470–71 (7th Cir.1989). The guidelines require a judge to determine which category best encompasses the defendant's prior history, and use the corresponding sentencing range for that category to guide its departure. *United States v. Lopez,* 871 F.2d 513, 514–15 (5th Cir.1989); Sentencing Guidelines § 4A1.3 (Policy Statement).[4]

In this case, the district court specifically found that criminal history category IV more accurately reflected Jackson's criminal history, and departed from the guidelines accordingly. With three points for the prior robberies treated together, plus two points that he received for having committed the present offense while on probation, Jackson's criminal history category was III. Had Jackson been tried separately for the two prior robberies, his total score for prior convictions would have been six, which, when combined with the two

**4.** The Policy Statement accompanying § 4A1.3 states, *inter alia,* that

[i]n considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly

under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with a Category IV criminal history, the court should look to the guideline range specified for a defendant with a Category IV criminal history to guide its departure.

points for committing the crime while on probation, would have raised him to a criminal history category IV. The district court clearly identified its reasons for using category IV. We conclude that the district court reasonably concluded that category IV more accurately reflected Jackson's criminal history. *See* 18 U.S.C.A. § 3742(e) (West 1985 and 1989 Supp.)[5]; *United States v. Spraggins*, 868 F.2d 1541, 1544 (11th Cir.1989).

Accordingly, Jackson's conviction and sentence are

AFFIRMED.

**5.** 18 U.S.C.A. § 3742(e) (West 1985 and 1989 Supp.) provides that "the court of appeals shall determine whether the sentence ... (3) is outside the applicable guideline range, and is unreasonable, having regard for—(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c)."