UNITED STATES of America, Plaintiff–Appellee,

v.

Becky Ann MYERS, Defendant–Appellant.

No. 93–30201.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1994.

Decided Dec. 1, 1994.

Nancy Bergeson, Asst. Federal Public Defender, Eugene, OR, for defendant-appellant.

Frank R. Papagni, Asst. U.S. Atty., Eugene, OR, for plaintiff-appellee.

Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

In this appeal we are called upon to determine whether a district court may consider a defendant's post-offense conduct as a ground for departing upward in imposing sentence under section 4A1.3 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). For the reasons which follow, we hold that the district court in the instant case did not err by taking such conduct into consideration at sentencing.

## FACTS AND PRIOR PROCEEDINGS

Between November 1990 and July 1992, Becky Ann Myers fraudulently obtained more than $144,000 from Donald and Evelyn Marshall and members of the Marshall family. The FBI arrested Myers in August 1992 on a charge of wire fraud, and Myers was later released on her own recognizance to a halfway house. In November 1992 a federal grand jury handed down a two-count indictment charging Myers with having committed mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Myers, still on release, entered a plea of not guilty to both counts. Myers was subsequently discharged from the halfway house but continued on release pending trial.

Pursuant to the terms of a plea agreement, Myers entered a change of plea in February 1993 in which she admitted her guilt on both counts of the indictment. The district court continued Myers' release pending sentencing. The following month, and while still awaiting sentencing, Myers was rearrested on a charge of having obtained another $1,690 by wire fraud.

At the sentencing hearing on May 10, 1993, the district court heard evidence concerning Myers' post-offense act of wire fraud. The court then rejected Myers' contention that her post-offense conduct could not be used as a basis for an upward departure under U.S.S.G. § 4A1.3 and sentenced Myers to thirty-seven months imprisonment, to be followed by three years of supervised release and the payment of partial restitution to the Marshalls. Myers has timely appealed, challenging (1) the district court's upward departure based on post-offense conduct; (2) the amount of restitution ordered; and (3) the calculation of her criminal history category, based on (a) the inclusion of two allegedly constitutionally infirm convictions, and (b) the finding that she was on probation at the time she committed the charged offense. We have jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, and we affirm all but the restitution order.

## DISCUSSION

### Upward Departure for Post–Offense Conduct

Myers' first and principal argument on appeal is that the district court erred by considering her post-offense criminal conduct while on release as a justification for departing upward at sentencing. We reject this contention.

■ In imposing sentence, a district court may only depart upward from the applicable Guidelines range if the court identifies an "aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines[.]" 18 U.S.C. § 3553(b). We review the decision to depart upward under the three-part test of *United States v. Lira–Barraza,* 941 F.2d 745, 746–47 (9th Cir.1991) (en banc). First, we examine *de novo* whether the court had legal authority to depart upward; second, we review for clear error the factual findings offered as support for the upward departure; and third, we examine the reasonableness of the extent of the upward departure. *United States v. Smallwood,* 35 F.3d 414, 416 (9th Cir.1994).

### Legal Authority to Depart

A sentencing court may depart upward from the applicable Guidelines range "[i]f reliable information indicates that the criminal history category does not adequately reflect the ... likelihood that the defendant will commit other crimes[.]" U.S.S.G. § 4A1.3, p.s. Put somewhat differently, "[a] departure under this provision is warranted when the criminal history category significantly under-represents ... the likelihood that the defendant will commit further crimes." *Id.* Citing *United States v. Carrillo–Alvarez,* 3 F.3d 316 (9th Cir.1993), Myers argues, *inter alia,* that the district court erred by considering anything other than her *prior* (i.e., pre-offense) criminal conduct as a basis for upward departure under section 4A1.3.

Although this Circuit has not previously faced this precise question, every other Circuit that has done so has held that section 4A1.3 authorizes a court to take into consideration a defendant's post-offense, pre-sentence conduct as a possible ground for departing upward in imposing sentence. *See, e.g., United States v. Yates,* 22 F.3d 981, 987 (10th Cir.1994) ("[s]ubsequent criminal conduct involving the commission of similar offenses before sentencing also is a permissible basis for departing upwards in the criminal history category") (citation omitted); *United States v. Fahm,* 13 F.3d 447, 450 n. 3, 451 (1st Cir.1994) (offense committed while awaiting sentencing on federal charge and trial on related state charges) (citations omitted); *United States v. Keats,* 937 F.2d 58, 66–67 (2d Cir.) ("[a]n upward departure in the criminal history category can be based on post-arrest conduct") (citations omitted), *cert. denied,* —— U.S. ——, 112 S.Ct. 399, 116 L.Ed.2d 348 (1991); *United States v. Fayette,* 895 F.2d 1375, 1380 (11th Cir.1990) ("departure may be justified when, as a consequence of post-plea criminal conduct, the otherwise applicable guidelines sentencing range significantly under-represents the ... defendant's ... likely recidivism"); *United States v. Sanchez,* 893 F.2d 679, 681–82 (5th Cir. 1990) (offense committed while on bond and awaiting trial on related charges); *United States v. Jordan,* 890 F.2d 968, 976–77 (7th

Cir.1989) (post-offense, pre-sentence drug dealing in a drug trafficking case).

█ Myers' reliance on *Carrillo–Alvarez* is clearly misplaced. Unlike the cases cited above, *Carrillo–Alvarez* dealt solely with the type of prior (i.e., pre-offense) criminal conduct that already had been "adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines[.]" *See* 18 U.S.C. § 3553(b). Nothing in the Guidelines indicates that the Sentencing Commission adequately considered a defendant's *post-offense* conduct as an aggravating circumstance warranting an upward departure. Accordingly, and in the light of the above authorities, we agree with our sister Circuits and hold that U.S.S.G. § 4A1.3 constitutes legal authority for a district court to depart upward in imposing sentence, based on a defendant's post-offense criminal conduct.

### Factual Findings

█ We find no clear error in the district court's factual findings in support of its decision to depart upward, and disagree with Myers' contention that these facts are not serious enough to warrant an upward departure. Regardless whether viewed in isolation or in comparison with others in the same criminal history category, *see Carrillo–Alvarez*, 3 F.3d at 320–23, Myers' post-offense criminal conduct is not only serious; it constitutes the strongest possible evidence of a likelihood that she will continue to commit similar crimes in the future. *See* U.S.S.G. § 4A1.3, p.s. Accordingly, we find that "reliable information indicates that the criminal history category does not adequately reflect ... the likelihood that [she] will commit other crimes," *see id.*, and that the district court's statement of reasons in support of departure was adequate. *Cf. Carrillo–Alvarez*, 3 F.3d at 323–25.

### Reasonableness of Departure

█ We also find the degree of departure to have been reasonable: The district court only departed upward one criminal history category, and then only to the level where Myers' post-offense conduct would have placed her had she actually been charged

with and convicted of that crime before sentencing.

Accordingly, we hold that, because (1) the district court had the legal authority to depart upward in imposing sentence; and (2) the facts offered in support of the decision to depart are not clearly erroneous; and (3) the extent of the departure was reasonable, the district court's decision to depart upward under U.S.S.G. § 4A1.3, based on Myers' post-offense criminal conduct, should be upheld. *Cf. Lira–Barraza*, 941 F.2d at 746–47.

### Restitution

Myers' second argument is that the district court erred by rejecting the presentence investigative report's recommendation that she not be required to pay more than $100 per month restitution and ordering her to pay $500 per month during the final thirty-three months of her supervised release. We agree.

█ In support of its restitution order, the district court noted that Myers was "a very able and capable human being" as demonstrated by her fraud, and because "[s]he has lots of ability[,]" she should use those talents "in a legal way." Although we have recognized that the Victim and Witness Protection Act, 18 U.S.C. §§ 3663–64, does not require the district court to make specific findings before ordering restitution, *United States v. Smith*, 944 F.2d 618, 623 (9th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992), we hold that, when as here a court provides reasons therefor, it may not base its restitution order on irrelevant or illegitimate criteria. Here, the district court erred by basing its restitution order solely on Myers' ability to defraud people rather than on her ability to earn money lawfully. Accordingly, we must vacate the restitution order and remand for resentencing on this point.

### Criminal History Category

Myers' final argument is that the district court erred by accepting the presentence investigative report's calculation of her criminal history category as level III rather than II because (a) the calculation included two underlying state court convictions that were

constitutionally infirm, and (b) the calculation included a two-point addition for having been on probation at the time she committed the offense. We reject both of these contentions.

■ With respect to the first argument, we note that, because the Sentencing Guidelines do not provide an independent basis for collaterally attacking prior felony convictions, *United States v. Fondren*, 32 F.3d 429, 430 (9th Cir.1994), a defendant may not mount a constitutional challenge to a prior conviction used for sentence enhancement except when that conviction was ostensibly obtained in violation of the defendant's right to appointed counsel. *Id.; United States v. Burrows*, 36 F.3d 875, 884–85 (9th Cir.1994) (citing and discussing *Fondren* and *Custis v. United States*, —— U.S. ——, ——, 114 S.Ct. 1732, 1738, 128 L.Ed.2d 517 (1994)). Myers neither alleged nor showed any such problem with either of her underlying convictions.

■ As for Myers' second contention, it is undisputed that she pleaded guilty to Counts I and II of the indictment, both of which place the beginning of her illegal activity in November 1990, when she was admittedly on probation. In addition, an affidavit from Special Agent Caldwell supports this date. Notwithstanding Myers' argument to the contrary, we cannot say from the evidence presented that the district court was clearly erroneous in finding that the charged offense occurred while Myers was on probation. *Cf. United States v. Chapnick*, 963 F.2d 224, 226 (9th Cir.1992).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.