**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Eugene GOSHEA, Jr., Defendant–Appellant.**

No. 95–50505.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1996.

Decided Sept. 9, 1996.

Nathan J. Hochman, Assistant United States Attorney, Los Angeles, California, for plaintiff–appellee.

Before D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

Appellant Richard Eugene Goshea, Jr. ("Goshea") appeals his sentence, arguing that the district court improperly departed upward from the Sentencing Guidelines for underrepresentation of criminal history. We affirm.

## FACTS

In December of 1994, Goshea pled guilty to one count of impersonating a United States Air Force ("USAF") officer to obtain money, in violation of 18 U.S.C. § 912, and one count of mail fraud, in violation of 18 U.S.C. § 1341. The charges stemmed from Goshea's conduct from 1991 to 1994 during which he falsely pretended to be a USAF officer to obtain over $100,000.

This was not an isolated incident for Goshea. He was convicted for impersonating a military officer from 1982 to 1983. Declining to "straighten up and fly right," he masqueraded as a USAF officer from 1987 to 1990.

During the latter period, Goshea was engaged in a systematic pattern of deception. He misled a woman he was dating to believe he was in the Air Force and stationed at March Air Force Base. He often escorted her to the El Toro Officer's Club, frequently disguised in a flight suit. Goshea also misrepresented himself as a military officer during a job interview and habitually wore a USAF flight suit to work. In December of 1989, the USAF Office of Special Investigations interviewed Goshea and consensually searched his apartment. The agents discovered a resume describing Goshea's "military career" and his "many distinguished service awards." Goshea was arrested in 1989 and a criminal complaint was filed against him in 1990 for this behavior. However, the United States Attorney's Office elected not to pursue the prosecution.

The district court sentenced Goshea to 21 months in prison for the crimes he committed between 1991 and 1994. In calculating Goshea's sentence, the district court departed upward one criminal history category, from criminal history category II to category III, based on Goshea's prior similar adult criminal conduct not resulting in a conviction. This upward departure added three months to his sentence. Goshea appeals.

## STANDARD OF REVIEW

We review a district court's decision to depart from the Sentencing Guidelines for abuse of discretion. *Koon v. United States,* — U.S. —, — – —, 116 S.Ct. 2035, 2047–48, 135 L.Ed.2d 392 (1996); *United States v. Beasley,* 90 F.3d 400, 402–403 (9th Cir.1996).

## PRIOR SIMILAR ADULT CRIMINAL CONDUCT

Section 4A1.3(e) of the Sentencing Guidelines permits the district court to depart upward in the following circumstances:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include . . .
>
> (e) prior similar adult criminal conduct not resulting in a criminal conviction.

Goshea argues that his prior misconduct which did not result in a conviction is not "similar adult criminal conduct" under Section 4A1.3(e). Goshea does not dispute that he frequently impersonated a USAF officer between 1987 and 1990; that he was arrested in 1989 for such conduct; and that a criminal complaint was filed against him in 1990. Instead, he argues that in the present case his crimes were "predominantly theft crimes," while his 1987–1990 military impersonation offense involved obtaining status rather than money. Goshea's argument is without merit.

"Though neither this guideline nor its commentary elaborates on what is meant by 'similar,' it is plain that the prior conduct need not have been of an identical type, for the commentary recognizes that 'the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur,' Guidelines § 4A1.3 Background." *United States v. Mayo,* 14 F.3d 128, 131 (2nd Cir.1994). In *Mayo,* the Second Circuit held that prior arsons designed to destroy financial documents and avoid loan repayment were similar to crimes involving fraud to obtain loans. *Id.* at 131–132. Similarly, Goshea's 1987–1990 conduct of impersonating a military officer to obtain jobs and access to officer's clubs and military bases is substantially similar to

Goshea's 1991–1994 conduct of impersonating a military officer to obtain money. Thus, the district court did not abuse its discretion in finding that Goshea's misconduct from 1987 through 1990 constituted prior similar adult criminal conduct under Section 4A1.3(e).

## BASIS FOR DEPARTURE

Generally, an upward departure under Section 4A1.3 is warranted only " 'when the criminal history category *significantly under-represents* the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.' U.S.S.G. § 4A1.3." *United States v. Carrillo-Alvarez*, 3 F.3d 316, 320 (9th Cir.1993).

The district court adopted the following reasoning in support of its upward departure:

> Criminal history category II under-represents the seriousness of [Goshea's] criminal history because it does not recognize that Goshea had impersonated a military officer during two separate and distinct times in his life, 1982–83 and 1987–90, prior to impersonating a military officer from 1991–94. Category II only accounts for the 1982–83 time period.

The district court thus concluded that Goshea's criminal record was significantly more serious than that of other defendants in criminal history category II because Goshea had an additional three-year period of similar criminal conduct not included in the calculation of his criminal history category.

■ District courts see many more sentencing decisions than appellate courts and thus have a special competence to determine whether a defendant's criminal history is more serious than other defendants in the same category. *Koon*, —— U.S. at ——, 116 S.Ct. at 2047. The district court did not abuse its discretion in determining that Goshea's criminal history category was underrepresented. *See United States v. Ponce*, 51 F.3d 820, 828 (9th Cir.1995) (defendant's previous marijuana trafficking not resulting in conviction justified upward departure in cocaine distribution trial).[1]

Goshea's reliance on *United States v. George*, 56 F.3d 1078, 1085 (9th Cir.), *cert. denied* —— U.S. ——, 116 S.Ct. 351, 133 L.Ed.2d 247 (1995) and *United States v. Singleton*, 917 F.2d 411, 413 (9th Cir.1990) is misplaced. Both *George* and *Singleton* dealt with departures from criminal history category VI, the highest category. *George*, 56 F.3d at 1085; *Singleton*, 917 F.2d at 413. According to the Sentencing Commission's policy statement, "a district court may depart upward from the guideline range applicable to the most serious criminal history category only in extremely limited circumstances." *Carrillo-Alvarez*, 3 F.3d at 320. When a defendant is in category VI by reason of several convictions, "additional convictions which would otherwise be included in the calculation add nothing further." *Carrillo-Alvarez*, 3 F.3d at 324. Accordingly, it is more difficult for a defendant to qualify for an upward departure from category VI than from other criminal history categories. *George* and *Singleton* are thus inapplicable.

## EXTENT OF DEPARTURE

■ A district court abuses its discretion if the extent of an upward departure is not governed by reference to individual guideline provisions, where possible, and oth-

---

1. Goshea argues that the district court's explanation that Goshea had impersonated a military officer for an additional three years from 1987–1990 was insufficient to explain why Goshea was unlike others in the same criminal history category. Goshea argues that the district court must state particular facts that show that the defendant is unlike others in the same category. *Carrillo-Alvarez*, 3 F.3d at 324. It is true that the district court did not make any specific findings of fact regarding this issue. However, the district court specifically adopted the Government's Position Re Sentencing Factors. The Government's Position Re Sentencing Factors recites specific facts regarding Goshea's misconduct from 1987–1990. Attached to the Government's Position Re Sentencing Factors are affidavits and documents establishing such facts. Goshea has not disputed any of these facts. In decisions involving upward departure from the Guidelines for underrepresentation of criminal history the district court may build the appropriate factual record by adopting a presentence report. *United States v. Singleton*, 917 F.2d 411, 412–413 (9th Cir.1990). It follows from *Singleton* that the district court is similarly authorized to adopt the facts set forth in the Government's Position Re Sentencing Factors, especially since Goshea has not disputed such facts.

erwise to the structure of the Guidelines as a whole. *See United States v. Sablan,* 90 F.3d 362, 365 (9th Cir.1996). When departing upward based on the inadequacy of a criminal history category, the district court should "use, as a reference, the guideline range for a defendant with a higher ... criminal history category." U.S.S.G. § 4A1.3; *United States v. Streit,* 962 F.2d 894, 905 (9th Cir.), *cert. denied,* 506 U.S. 962, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992); *see also United States v. Lira–Barraza,* 941 F.2d 745, 750 (9th Cir. 1991) (en banc), *overruled by Beasley,* 90 F.3d at 402–403 (overruling *Lira–Barraza* only with respect to the standard of review of a district court's decision to depart from the Guidelines). The district court must explain the reasoning for the degree of departure "in sufficiently specific language to allow appellate review." *United States v. Henderson,* 993 F.2d 187, 189 (9th Cir.1993). While the district court's extent of departure is reviewed for abuse of discretion, the governing statute also requires that the resulting sentence not be "unreasonable." 18 U.S.C. § 3742(f)(1)(2).

■ The district court, through its adoption of the Government's Position Re Sentencing Factors, followed these principles and adequately explained the extent of its departure. The district court properly used criminal history category III as a reference, finding that Goshea's conduct from 1987–1990, which was unaccounted for by criminal history category II, warranted a one-category upward departure to category III. The district court adopted the following reasoning from the Government's Position Re Sentencing Factors:

[A] one category departure, from category II to category III, is a reasonable departure....[The] time period of 1987–90 is important since it highlights Goshea's complete disregard for the law and its sanctions and the likelihood that he will commit other crimes. Only by increasing Goshea's criminal history category one level to category III will Goshea's criminal history category adequately reflect Goshea's decade-long criminal practice of impersonating military officers and his likelihood of committing other crimes.

This language is sufficiently specific to allow for this court's review. The district court adopted sufficient reasons to justify a one-category upward departure, the minimum possible upward departure in this case. Such a departure was reasonable.

Goshea argues that the district court erred by not first precisely determining the sentence he would have received for his 1987–1990 misconduct, then mechanically adding criminal history points to determine the upward departure. In support of this proposition, Goshea cites *United States v. Jackson,* 883 F.2d 1007, 1009 (11th Cir.1989), *cert. denied* 493 U.S. 1032, 110 S.Ct. 747, 107 L.Ed.2d 764 (1990), and *United States v. Martinez–Gonzalez,* 962 F.2d 874, 877 (9th Cir.1992). However, neither *Jackson* nor *Martinez–Gonzalez* require a district court to engage in mechanical calculations.

Other Ninth Circuit cases suggest that upward departures under Section 4A1.3 need not be based on mechanical calculations. *See Ponce,* 51 F.3d at 828. In *Ponce,* defendant McTague was tried for a cocaine trafficking operation. *Id.* at 827. Defendant McTague had no prior convictions, and thus his criminal history category was I. *Id.* The district court found that there was reliable evidence that defendant McTague had engaged in marijuana trafficking prior to his cocaine trafficking, but had not been convicted, and thus an upward departure was justified. *Id.* at 828. In evaluating the extent of the district court's departure, this court stated:

Finally, McTague argues that assuming arguendo that he had previously engaged in marijuana trafficking, the district court's departure [from a category I] to a category III criminal history was excessive. We reject the argument. The district court based its upward departure on the considerable evidence at trial that McTague had previously participated in an extensive marijuana distribution conspiracy. Given the seriousness and scope of the prior criminal activity [not resulting in a conviction], the departure was reasonable "in light of the structure, standards and policies of the Act and Guidelines." *United States v. Streit,* 962 F.2d 894, 902 (9th Cir.1992), *cert. denied,* 506 U.S. 962, 113

S.Ct. 431, 121 L.Ed.2d 352 (1992) (quoting *United States v. Lira–Barraza,* 941 F.2d 745, 751 (9th Cir.1991) (en banc)).

*Id.* Thus, in *Ponce,* the district court's reasoning for the extent of its upward departure was held adequate although there is no indication of a mechanical addition of criminal history points for misconduct not resulting in conviction.

Similarly, the district court based its decision to depart upward one criminal history category on the extent and seriousness of Goshea's similar criminal activity not resulting in a conviction, his disregard for the law and his likelihood of committing other crimes. A one-level departure under these circumstances was reasonable "in light of the structure, standards and policies of the Act and Guidelines." *Streit,* 962 F.2d at 902. Accordingly, the district court's reasoning was sufficient, a one-category upward departure was reasonable, and the district court did not abuse its discretion.

## CONCLUSION

The district court's sentencing decision is AFFIRMED.