117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert GUDEL, Defendant-Appellant.
 No. 96-10152.
 United States Court of Appeals, Ninth Circuit.
 Submission Deferred January 14, 1997
Submitted June 27, 1997, San Francisco, California**
Decided July 1, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-95-05044-REC; Robert E. Coyle, District Judge, Presiding.
 Before: SCHROEDER, ALARCN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Robert Shawn Gudel appeals from the sentence of 33-months imprisonment that the district court imposed after he pleaded guilty to Possession of Three or More Items Depicting Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Gudel argues that the district court erred in departing upward from the Guideline sentencing range pursuant to Guideline section 4A1.3. We review a district court's decision to depart from the Guideline range for an abuse of discretion. Koon v. United States, 116 S.Ct. 2035, 2046-48 (1996).
 
 
 4
 An upward departure under § 4A1.3 "is warranted only 'when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." United States v. Goshea, 94 F.3d 1361, 1364 (9th Cir.1996) (quoting United States v. Carrillo-Alvarez, 3 F.3d 316, 320 (9th Cir.1993)). In determining whether a departure is warranted under § 4A1.3, the court may consider remote prior convictions that provide evidence of similar criminal conduct. U.S.S.G. § 4A1.2, application note 8.
 
 
 5
 Gudel had two remote prior convictions, both for Annoying or Molesting a Child Under Age 18. In 1978, Gudel fondled an 11-year-old boy. In 1983, Gudel fondled a 16-year-old girl. Gudel continued to put himself in contact with children as a Campfire volunteer and a baseball coach. The district court, sentencing Gudel for possessing videotapes that depict children engaged in sexually explicit conduct, concluded that a Criminal History Category I, which reflects a defendant with no prior molestations, significantly under-represented the seriousness of his past crimes and the likelihood of recidivism. Owing the district court the "substantial deference" due, Koon, 116 S.Ct. at 2046, we discern no abuse of discretion.
 
 
 6
 Gudel further contends that even if a departure was warranted, the district court did not provide sufficient reasons to depart upward to 33-months from the Guideline range of 15-21 months. We disagree.
 
 
 7
 "In considering a departure under [section 4A1.3], the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." U.S.S.G. § 4A1.3. The presentence report, which the district court adopted at sentencing, recommended that
 
 
 8
 the Court, after considering departure to a criminal history category of II for the defendant's criminal history category not adequately reflecting the defendant's past criminal conduct, look at an additional departure up to criminal history category of IV, as a reference point for an offender who will likely commit further similar crimes. The top end of this imprisonment range, 33 months, seems to adequately reflect the seriousness of the defendant's past criminal conduct and the likelihood the defendant will commit other crimes.
 
 
 9
 The district court, accepting this recommendation at the sentencing hearing, explained:
 
 
 10
 The Court is satisfied that in a case of this type, that review of the prior history that cannot be counted for the guideline is appropriate. It is the type of a crime that recidivism concerns the Court, and the prior history shows recidivism, and I feel that the Court is obligated to upward depart for the protection of the community.
 
 
 11
 The part of my concern is, that while Mr. Gudel now recognizes or admits to the--what his acts dealt with and what effect--what caused them, he was unwilling to do so certainly at the time of the bail hearing and was defensive. And the Court is satisfied that perhaps even the entire guidelines underestimates the potential and the problems in this case and the potential for repeat, and, therefore, the Court will upward depart from the 21 to 33 months and--for the protection of the public.
 
 
 12
 To depart from a Criminal History Category I to a Criminal History Category IV in order to protect the community against Gudel's demonstrated recidivism was reasonable. "[W]here, as here, a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed." United States v. Sablan, No. 94-10534, slip. op. at 6544 (9th Cir. June 5, 1997).
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3