**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luke Ammon PREACHER,**
**Defendant–Appellant.**

**No. 00–30395.**

**D.C. No. CR–00–00064–BLW.**

United States Court of Appeals,
Ninth Circuit.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Little's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Luke Ammon Preacher appeals his 168–month sentence following a conviction by guilty plea to one count of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Preacher contends that the district court erred by departing upward from criminal history category III category IV based on uncounted tribal convictions because: it failed to specify how the tribal court convictions had not been adequately represented in Preacher's criminal history; how Preacher's criminal history was more serious than other defendants in category III; and because the tribal court convictions are not of a sufficiently serious nature to warrant departure. We review de novo whether the grounds relied upon by the district court are sufficient to warrant an upward departure and for an abuse of discretion, the extent of such a departure. *United States v. Lopez–Alvarez,* 970 F.2d 583, 589 (9th Cir.1992).

■ When departing upward, a district court must explain the reasoning for both the direction and degree of its departure in sufficiently specific language to allow us to conduct a meaningful review. *United States v. Streit,* 962 F.2d 894, 902 (9th Cir.1992). Moreover, when, as here, a district court departs upward because a defendant's criminal history category underrepresents the defendant's past criminal conduct, the degree of departure must be guided by analogy to higher criminal history categories. *Streit,* 962 F.2d at 905.

■ Here, the district court stated that Preacher had at least 10 and possibly 14 tribal convictions and that if these convic-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tions had occurred in state court, his criminal history category "would have been at least a IV or V." Although tribal court convictions are not counted for purposes of calculating criminal history, they may be considered for purposes of assessing the adequacy of a defendant's criminal history under U.S.S.G. § 4A1.2. U.S.S.G. § 4A1.2(i). Our review of the record supports the district court's foregoing determination. Indeed, at the time of his conviction, Preacher had 5 criminal history points under the guidelines, placing him squarely in criminal history category III. Among Preacher's 14 uncounted tribal convictions were offenses which had they not been convictions in tribal court, would have increased Preacher's criminal history to at least category IV if not beyond. *See United States v. Goshea*, 94 F.3d 1361, 1364 (9th Cir.1996).

Because the district court stated its reasoning with sufficient particularly to allow review, and because our review of the record shows that the district court's reasoning was sound, we determine that the district court did not abuse its discretion by departing upward to account for Preacher's tribal court convictions. *See id*, 94 F.3d at 1364–66.

AFFIRMED.