McKeown, Circuit Judge, dissented in part and filed an opinion.

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael Allen O'NEAL, a.k.a. Maxie**
**Moore, Defendant—Appellant.**

No. 01–30137.

D.C. No. CR–99–5534–JET.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Dec. 18, 2001.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Defendant Michael O'Neal, a.k.a. Maxie Moore, pleaded guilty to social security fraud, false representation of a social security number, and giving a false statement to a government official. The district court sentenced him to 71 months in prison and imposed three years of supervised release. Defendant appeals his sentence.

### A. *Upward Departure*

 Defendant first argues that the district court abused its discretion when it departed upward one criminal history category pursuant to U.S.S.G. § 4A1.3. We are not persuaded.

In addition to applying for the federally-insured home loan that is the subject of the false statement offense, Defendant

fraudulently obtained a *second* mortgage on his home, claiming to be employed by Slayden Construction. He supported that mortgage with fraudulent documents similar to those supporting the federal housing loan application. This offense is distinct from, and additional to, those charged in the indictment. Defendant also made a *third* mortgage application which contained several falsehoods, including false employment and false monthly income. This conduct, too, was uncharged in the indictment. The district court properly considered this post-offense, pre-sentence conduct in deciding to depart upward. *United States v. Myers*, 41 F.3d 531, 533 (9th Cir.1994).

Earlier, Defendant had filed yet another fraudulent home loan application while on supervised release for his 1991 conviction of bank fraud. That fraudulent conduct was not the subject of an indictment.

In these circumstances, the district court did not abuse its discretion in departing upward because Defendant's criminal history category significantly under-represents either the seriousness of his actual criminal history or the likelihood of recidivism.

### B. *Conditions of Supervised Release*

 Defendant objects to the conditions that require him to undergo a sexual offender treatment program, to undergo physiological testing, and to limit contact with minors, including his daughter.[1] We vacate the condition for physiological testing but otherwise rule that the district court acted within its broad discretion.

In *United States v. Johnson*, 998 F.2d 696, 697 (9th Cir.1993), this court held that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties argue over the proper standard of review. We conclude that the issue was raised below sufficiently to call for our review for abuse of discretion.

the conditions of probation may be unrelated to one or more of the factors set out in U.S.S.G. § 5D1.3(b), so long as they are sufficiently related to the other factors. In this case, the challenged conditions do not relate to the fraud crimes of conviction, but they do relate to another part of Defendant's criminal past.

As a result of a plea agreement, Defendant was convicted of contributing to the sexual delinquency of a minor. He had a sexual relationship with a 15–year–old girl whom he and his wife were trying to adopt. The girl became pregnant but terminated the pregnancy. Other allegations of sexual conduct involving young girls (a 14–year–old babysitter and an 11–year–old stepdaughter) did not result in prosecutions, and it is unclear from the record whether the district court found that those events occurred.

The condition requiring therapy is reasonably related to factor (A), the history and characteristics of a defendant; factor (C), protecting the public from future crimes; and factor (D), the need to provide a defendant with effective correctional treatment.

Similarly, the limitation on Defendant's contact with minors, including Defendant's daughter, is reasonably related to factor (A), a defendant's history and characteristics; factor (B), deterrence of future criminal conduct; and factor (C), the need to protect the public. Because his conviction for sexual misconduct involved an improper relationship with a young girl who was a member of his family, concern that he might again pose such a threat is reasonable. That is so even if the other two alleged events are ignored entirely. Defendant's daughter was five years old at the time of sentencing. She will be eleven when supervised release begins, which is the same age as the victim of his earlier

sexual misconduct when she joined Defendant's household.

Physiological testing to determine Defendant's patterns of sexual arousal, however, deprives him of his liberty to a degree not reasonably necessary to forward the purposes in U.S.S.G. § 5D1.3(b)(1). The present record discloses nothing to suggest that this specific kind of testing is either necessary *or* appropriate.

Under condition 4, Defendant must participate in a treatment program as directed by the probation officer, and conditions 7 and 9 require him to participate at the direction of a responsible therapist. Should the probation officer and the therapist later conclude, based on what they learn, that physiological testing is warranted, they will be able to require it, but the present record does not show a sufficient relationship to the listed factors.

REVERSED and REMANDED with instructions to remove condition 6, which requires physiological testing, from the conditions of supervised release; otherwise AFFIRMED.

McKEOWN, Circuit Judge, Dissenting in part.

I respectfully dissent with respect to the supervised release term that restricts O'Neal's contact with his daughter. Such a restriction unduly treads on his fundamental right as a parent. *See Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). O'Neal's conviction for sexual misconduct occurred more than seven years ago; he served his sentence. Indeed, the district court in Oregon specifically excepted his daughter from any supervisory restrictions as a consequence of that conviction. Absent compliance with the supervised release statute, the wholly-unrelated fraud conviction should not serve as a springboard for further restrictions. Although

the district court stated that it was not considering other instances of sexual misconduct, it adopted the recommendations in the presentence report which was predicated on all of the past conduct. There is no evidence that O'Neal's child has been abused or is at imminent risk of abuse. Without further findings or foundation, it cannot be said that this condition "involves no greater deprivation of liberty than is reasonably necessary ...." 18 U.S.C. § 3583(d)(2). I would remand for further proceedings on this issue.