**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sergio RESENDIZ–ORTIZ,**
**Defendant—Appellant.**

**No. 01–30019.**

**D.C. No. CR–00–00093–BLW.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Sergio Resendiz–Ortiz appeals the 24–month sentence imposed following his guilty plea for illegal entry in violation of 8 U.S.C. § 1325. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.[1]

Resendiz–Ortiz contends that he should not have received a sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A) for a prior aggravated felony because in that prior Idaho state court proceeding he was incorrectly charged as an adult when he was actually under the age of 18.

This challenge to the validity of a previous state conviction is not cognizable on appeal from a federal sentence, unless the prior conviction was obtained in violation of the Sixth Amendment right to counsel. *See United States v. Myers,* 41 F.3d 531, 535 (9th Cir.1994); *Custis v. United States,* 511 U.S. 485, 496–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). Accordingly, the district court properly applied a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We reject the government's jurisdictional challenges to this appeal as (1) the notice of appeal was timely filed, *see* Fed. R.App. P. 4(b)(1)(A)(i) and Fed. R.App. P. 26(a); and (2) pursuant to his plea agreement, Resendiz–Ortiz expressly retained the right to appeal his sentence under 18 U.S.C. § 3742.