**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Josiah Israel ROBLEY, aka Jonathan Robley, Defendant–Appellant.**

**No. 02–30228.
D.C. No. CR–01–00073–SEH.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

Josiah Israel Robley appeals his 33-month sentence imposed following a guilty plea conviction for a mail fraud/lawyer impersonation scheme in violation of 18 U.S.C. § 1341. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to depart from

the calculated criminal history category for abuse of discretion, and we affirm. *See United States v. Martin,* 278 F.3d 988, 1001–02 (9th Cir.2002).

Robley's main contention is that his conduct was not sufficiently serious to warrant an upward departure in his criminal history category. The record belies this contention. His uncounted Canadian conviction alone is sufficient to justify the upward departure. *See United States v. Connelly,* 156 F.3d 978, 985 (holding that theft of at least $2000 through credit card fraud and forgery is serious and supports horizontal departure); *see also United States v. Myers,* 41 F.3d 531, 534 (9th Cir.1994) (affirming the district court's upward departure and holding that $1690 obtained by wire fraud is serious conduct).

Robley also contends that the district court made insufficient findings regarding whether his criminal history was significantly more serious than others in criminal history category IV, citing *United States v. George,* 56 F.3d 1078, 1085 (9th Cir.1995). Robley is mistaken. *See United States v. Goshea,* 94 F.3d 1361, 1364 n. 1 (9th Cir. 1996) (distinguishing *George* and finding it sufficient for the district court to adopt the presentencing report). Additionally, Robley contends that the district court erred by relying on inadmissible grounds for the upward adjustment. Again, the record is contrary to his position. The district court relied upon proper sentencing factors. *See* U.S.S.G. § 4A1.3 (a), (d) and (e).

Finally, Robley contends that the upward departure was not warranted on the basis of recidivism because recidivism alone is not a legal basis for departure and because his conduct is insufficient to find a likelihood of recidivism. Robley is incor-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

rect on both grounds. *See Connelly,* 156 F.3d at 985 (stating that departure is justified purely on the basis of defendant's likelihood of recidivism and affirming an upward departure where defendant engaged in similar conduct years prior to instant offense).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.