UNITED STATES OF AMERICA,
Plaintiff—Appellee,

v.

Roy L. SHARPNACK, Defendant—
Appellant.

No. 02–10153.
D.C. No. CR–00–00402–EJG.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2003.*

Decided Aug. 21, 2003.

Before WALLACE, O'SCANNLAIN, Circuit Judges, and BEISTLINE, District Judge.**

MEMORANDUM ***

Roy Sharpnack appeals from the district court's imposition of a 57–month sentence following his plea of guilty to the charge of

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Ralph Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

## I

Sharpnack first contends that the district court, by departing upward on the basis of his conduct while awaiting sentencing, violated the Sixth Amendment because it imposed a higher term of imprisonment on the basis of facts not submitted to a jury and proved beyond a reasonable doubt. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

*Apprendi* states that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed *statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348 (emphasis added). Thus, we have held that, before a defendant can raise an *Apprendi* claim, he must first satisfy a "threshold condition," namely "that the actual sentence imposed [is] longer than the maximum sentence for the crime for which he has been validly convicted." *United States v. Ellis,* 241 F.3d 1096, 1104 (9th Cir.2001). Sharpnack has failed to satisfy this threshold condition. The statutory maximum sentence for the offense to which Sharpnack pleaded guilty is 40 years, while Sharpnack himself received a sentence of 57 months, well below the statutory maximum. Thus, *Apprendi* simply is not implicated here.

## II

Sharpnack next contends that the district court erred in departing upward pursuant to U.S.S.G. § 4A1.3 because a more specific provision of the Guidelines, U.S.S.G. § 2J1.7, governs departures on the basis of post-release conduct. This claim, too, is without merit.

Section 4A1.3 of the Guidelines provides: "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." In *United States v. Myers,* 41 F.3d 531 (9th Cir.1994), this court joined six other circuits in concluding that U.S.S.G. § 4A1.3 "constitutes legal authority for a district court to depart upward in imposing sentence, based on a defendant's post-offense criminal conduct." *Id.* at 534.

Sharpnack contends on appeal that *Myers* was erroneously decided because the court reached its conclusion only after first determining that "[n]othing in the Guidelines indicates that the Commission adequately considered a defendant's *post-offense* conduct as an aggravating circumstance warranting an upward departure." *Id.* (emphasis in original). Pointing to U.S.S.G. § 2J1.7, Sharpnack argues that the Commission did indeed consider post-offense conduct as a basis for imposing an upward departure. That section reads: "If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release." Section 3147 of Title 18 states that "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense" to a term of not more than ten years if the offense committed on release is a felony or not more than one year if the on-release offense is a misdemeanor.

Sharpnack's contention that U.S.S.G. § 2J1.7, and not § 4A1.3, governs the sec-

ond marijuana manufacturing charge is misguided. Section 2J1.7, by its terms, provides authority to depart upward *only* with respect to the sentence imposed for the offense committed on release, not the offense for which the defendant is on release. The Fifth Circuit has held that an enhancement under U.S.S.G. § 2J1.7 "should be applied to the sentence for the new crime committed while on release, not the original crime for which the defendant is on release." *United States v. Lara,* 975 F.2d 1120, 1128 (5th Cir.1992). Thus, rather than being compelled to apply U.S.S.G. § 2J1.7, the district court was *barred* from doing so. Accordingly, Sharpnack's assertion that this court's holding in *Myers* is erroneous must be rejected. The district court correctly relied on *Myers* and on U.S.S.G. § 4A1.3 in imposing the upward departure.

### III

Sharpnack's final contention on appeal is that his conduct while on release did not provide a sufficient basis for an upward departure under U.S.S.G. § 4A1.3. The Ninth Circuit has held that a district court may depart upward under U.S.S.G. § 4A1.3 "if a [defendant's] criminal history category significantly under-represents either 1) the seriousness of the defendant's criminal history or 2) the likelihood that the defendant will commit further crimes." *United States v. Connelly,* 156 F.3d 978, 984 (9th Cir.1998). The record reflects that the district court was relying on the second ground in imposing an upward departure on Sharpnack. *See* Excerpts of Record at 194 (noting that Sharpnack's "post-conviction marijuana cultivation and maintaining a place for the cultivation of marijuana has shown … defendant's refusal to cease and desist committing these crimes. . . .")

Sharpnack contends that, because the behavior uncovered by the second search of his property "was not 'similar' to the large-scale commercialized operation at issue in the instant case, nor was it 'egregious and serious, assaultive' behavior," Appellant's Br. at 20, it cannot be said that his criminal history significantly under-represented his potential for recidivism. To the extent that Sharpnack contends that U.S.S.G. § 4A1.3 requires some showing of violent conduct, he is in error: The Guidelines policy statement for this section explicitly refers to "fraudulent misconduct" as being among the types of behavior that may warrant upward departure.

Sharpnack's contention that the conduct that serves as a basis for the departure must be similar to the offense of conviction before a § 4A1.3 departure can be imposed is accurate. Indeed, one could not make a showing that the on-release conduct demonstrates a likelihood that a defendant is a recidivist without demonstrating some degree of similarity between the cited conduct and the offense of conviction. Sharpnack is incorrect, however, in asserting that the post-conviction conduct must be of the same scale as the offense of conviction and, thus, because his second bust involved 64 plants as opposed to 957, there was insufficient similarity between the two to infer a likelihood of recidivism. This court's decision in *Myers* demonstrates that, so long as the criminal acts themselves are similar, the size or volume of the criminal transactions will not bar a finding that the danger of recidivism is under-represented. In *Myers,* the defendant's initial wire fraud netted $144,000. The wire fraud she committed while on release yielded $1,690. The second offense, while constituting the same criminal act as the first, resulted in the fraudulent acquisition of an amount that was little more than one-one hundredth the size of the amount fraudulently obtained in the first wire fraud. Still, this court held that the second offense "constitutes the strongest possible evidence of a likelihood that [the defendant] will continue to commit similar

crimes in the future." *Myers,* 41 F.3d at 534. Here, as there, the post-conviction conduct is identical to that which underlies the conviction, differing only by degree—and by a degree far smaller than that which this court deemed sufficient to justify a departure in *Myers.* We therefore must reject Sharpnack's contention that because his conduct on release did not reach the "industrial" scale of his offense of conviction, it was erroneous for the district court to depart upward on the basis of that conduct. It was not.

Nor can Sharpnack find refuge in the Supreme Court's recent decision in *United States v. Oakland Cannabis Buyers' Cooperative,* 532 U.S. 483, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001). Sharpnack's assertion to the contrary notwithstanding, the Court did not there hold that medical necessity could still be a defense to charges of personal possession of a small marijuana garden. Rather, it held precisely the opposite: "[T]he very point of our holding is that there is no medical necessity exception to the prohibitions" of the Controlled Substances Act. *Id.* at 494 n. 7, 121 S.Ct. 1711. Nor does California law provide any protection for Sharpnack's activity. *See People v. Peron,* 59 Cal.App.4th 1383, 1389, 70 Cal.Rptr.2d 20 (1997) (holding that California's Compassionate Use Act did not decriminalize the sale or giving away, or the manufacture or possession for sale or giving away, of marijuana).

The district court's decision to impose a sentence of 57 months must therefore be

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.