**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gary William JONES, aka Gary W. Jones, Defendant—Appellant.**

**No. 02–10654.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

John H. Hemann, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Barry L. Morris, Esq., Hayward, CA, for Defendant–Appellant.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Gary William Jones appeals his sentence of 46 months imposed following his guilty plea to wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Jones contends that the district court relied upon improper factors in departing upward based on its finding that Jones's criminal history was under-represented pursuant to United States Sentencing Guidelines § 4A1.3. Reviewing *de novo, see United States v. Phillips,* 356 F.3d 1086, 1099 (9th Cir.2004), we conclude that the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

district court properly determined that Jones's criminal history category of IV significantly under-represented the seriousness of his criminal history and the likelihood of recidivism. *See United States v. Connelly,* 156 F.3d 978, 983–85 (9th Cir.1998). Thus, the district court's decision to depart was appropriate. *See id.* at 984–85.

Jones further contends that the extent of the departure by the district court was unreasonable. We disagree. Jones's long history of fraudulent conduct is atypical as compared with other defendants in category IV. Accordingly, the district court did not abuse its discretion in departing two levels to category VI. *See United States v. Goshea,* 94 F.3d 1361, 1365 (9th Cir.1996).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.