**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Ihsan ADWAN, a/k/a Ali Abu Yousef, Ali Adwan, Amer Batarni, John Smith, Defendant—Appellant.**

**No. 05–50438.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Filed Aug. 23, 2006.

Christopher M. Brunwin, Esq., Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Ihsan Adwan, Los Angeles, CA, pro se.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM *

Ihsan Adwan appeals from his conviction pursuant to a plea agreement and from his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

618

Adwan first argues that terms of the plea agreement did not permit the government to withdraw the § 5K1.1 motion for a downward departure. However, the plea agreement itself specifically provided that if Adwan failed to perform *any* of his obligations, the government would be "relieved of *all* its obligations under the agreement" (emphasis added). In particular, the government would "no longer be bound by any agreements concerning sentencing." Therefore, the government had the power to withdraw the § 5K1.1 motion if there was a breach of the plea agreement.

The plea agreement provided that Adwan agreed "[n]ot to commit any crime." Because there was strong evidence from a local detective that Adwan committed the crime of coordinating an illegal drug exchange, the district court properly vacated its prior order granting the government's § 5K1.1 motion for downward departure.

Adwan also argues that, even if he breached the plea agreement, the breach was not material. However, the commission of a crime while awaiting sentencing is a significant sentencing factor. *See United States v. Myers*, 41 F.3d 531, 533 (9th Cir.1994) (approving the district court's consideration of post-offense criminal conduct in sentencing determination).

Adwan finally argues that the sentence imposed by the court was unreasonable. However, the district court considered all of the sentencing factors, and therefore its sentence was reasonable. *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006).

**AFFIRMED.**