**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michele Renee THOMPSON,**
**Defendant—Appellant.**

**No. 01–30366.**

**D.C. No. CR–00–00163–a–JKS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Nov. 1, 2002.

Appeal from the United States District Court for the District of Alaska, James K. Singleton, Jr., Chief Judge, Presiding.

Before BROWNING, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Michele Renee Thompson pled guilty to three counts of fraud and was sentenced to seventy-eight months of imprisonment. We affirm her sentence.

■ Thompson appeals the sentencing court's decision not to grant a reduction of offense level for "acceptance of responsibility" under United States Sentencing Guidelines § 3E1.1. We review a district court's decision to deny a § 3E1.1 reduction for clear error. *United States v. Fleming*, 215 F.3d 930, 939 (9th Cir.2000). There was significant evidence supporting the sentencing judge's determination that Thompson was not contrite: Thompson made equivocal statements in her allocution and false statements to mental health professionals who attempted to diagnose her. *Cf. United States v. Bazuaye*, 240 F.3d 861, 865–66 (9th Cir.2001) (false statement to parole officer); *United States v. Fellows*, 157 F.3d 1197, 1203 (9th Cir. 1998) (equivocal acceptance of responsibili-ty). Thompson argues that the sentencing court relied on improper factors in making its § 3E1.1 decision. But a sentencing judge may look to a defendant's criminal history and likelihood of recidivism in assessing the genuineness of her contrition, and may demand affirmative, corroborating evidence of acceptance of responsibility beyond the guilty plea when there are grounds to doubt her contrition. *Fellows*, 157 F.3d at 1203.

Thompson also appeals the sentencing court's decision to raise her offense level by two levels under Guidelines § 5K2.0, to reflect the court's determination that Thompson's crimes were outside the "heartland" of fraud. We review a district court's decision to depart from the Guidelines for abuse of discretion. *See United States v. Working*, 224 F.3d 1093, 1099 (9th Cir.2000) (en banc). We recently outlined how a district court should decide whether to depart from the Guidelines:

First, the district court should identify what features of the case make it unusual. Next, the court must determine whether the ground on which it is contemplating a departure is forbidden, encouraged, or discouraged by the Guidelines. The court may not depart on a forbidden ground. The court may depart on an encouraged ground as long as that encouraged ground is not already taken into account by the particular offense guideline. If a factor is discouraged, or encouraged but already taken into account, the district court may depart only if the factor is "present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present."

*United States v. Parish*, 308 F.3d 1025, 1029–30 (9th Cir.2002) (quoting *Koon v.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)) (citations omitted). "If a factor is unmentioned in the Guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guideline's heartland." *Koon,* 518 U.S. at 96 (citations and quotations omitted).

■ Here, the district court decided Thompson's crimes were outside the heartland of fraud because of the uniquely manipulative nature of Thompson's crimes and because of the charitable motives of Thompson's victims. The court correctly determined that these were neither forbidden, encouraged, nor discouraged grounds for departure. The court then analogized to the Guideline's provisions for abuse of a position of trust, § 3B1.3, and for vulnerable victims, § 3A1.1, and decided that an upward departure of two offense levels was appropriate. District courts " 'have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do.' " U.S. Sentencing Guidelines Manual § 5K2.0, cmt. (quoting *Koon,* 518 U.S. at 98). We cannot say that the district court abused its discretion either in deciding that Thompson's crimes were outside the heartland of fraud or in departing upwards by two offense levels under § 5K2.0 to reflect that decision.

Next, Thompson appeals the extent of the sentencing court's departure from the Guidelines under § 4A1.3. We review the extent of a district court's departure from the Guidelines for abuse of discretion. *See United States v. Working,* 287 F.3d 801, 806 (9th Cir.2002). "If the court of appeals determines that the sentence is outside the applicable guideline range and is unreasonable," remand is appropriate. 18

U.S.C. § 3742(f)(2). The district court explained at great length how it determined the extent of its § 4A1.3 departure, first calculating that Thompson fell into a hypothetical criminal history Category IX with a sentencing range of fifty-seven to seventy months at offense level fifteen, then weighing the "instrumentalist concerns" of incarceration against the retributive concerns to decide that a sentence of seventy-eight months was appropriate. The sentencing court finally placed Thompson in criminal history Category VI, offense level nineteen (which carries a sentence of sixty-three to seventy-eight months). We do not require that upward departures under § 4A1.3 be based on "mechanical calculations." *United States v. Goshea,* 94 F.3d 1361, 1365 (9th Cir.1996). Here, the district court engaged in a thorough analysis of the policy objectives that would be served by departing under § 4A1.3. In the face of such detailed judicial consideration, we cannot hold that the § 4A1.3 departure was unreasonable or an abuse of discretion.

■ Thompson further objects to the § 4A1.3 departure on the ground that the sentencing court, in determining the extent of its departure, relied on "[u]nelaborated convictions dating from 1980–1983" contained in the Presentence Report. District courts may adopt the uncontested findings of presentence reports to support a decision to depart based on a defendant's criminal history. *Goshea,* 94 F.3d at 1364 n. 1. Thompson also cites *United States v. Martin,* 278 F.3d 988 (9th Cir.2002), for the proposition that departures for underrepresentation of criminal history should be accomplished by moving a defendant to a higher criminal history category, not a higher offense level. *Martin* is inapposite, however, because the defendant in that case had a criminal history category of IV,

making a horizontal departure possible. *Id.* at 997.

Finally, Thompson objects to the "result-oriented" approach of the sentencing court, which noted that even if it had not enhanced Thompson's offense level by two under § 5K2.0, it would have reached the same sentence by departing an additional two levels under § 4A1.3. However, sentencing judges may provide alternative justifications for imposing a sentence. *Cf. Williams v. United States,* 503 U.S. 193, 203–04, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.