**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sompong KHAMSOMPHOU, Defendant—Appellant.**

Nos. 03–30341, 03–30342.

D.C. No. CR–02–00028–OMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2004.*

Decided Sept. 7, 2004.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kirby A. Heller, Esq., Washington, DC, for Plaintiff–Appellee.

Mary A. Gilson, Asst. Municipal Atty, John C. Pharr, Esq., Law Offices of John C. Pharr, Allison E. Mendel, Esq., Mendel & Associates, Anchorage, AK, for Defendant–Appellant.

Before HALL, KLEINFELD, and WARDLAW, Circuit Judges.

Sompong Khamsomphou appeals her 63 month sentence imposed after she pled guilty to one count of conspiracy under 18 U.S.C. § 371, and a jury found her guilty of conspiracy to tamper and tampering with a witness under 18 U.S.C. §§ 371 and 1512(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm in part and vacate in part.

1. Sufficiency of the evidence.

Viewing the evidence presented against Khamsomphou in the light most favorable to the government, see United States v. Khatami, 280 F.3d 907, 910 (9th Cir.2002), we find that Khamsomphou's convictions were supported by sufficient evidence.

On the conspiracy to tamper with a witness charge, the jury heard that Lisa Chanthaseng planned to testify in the upcoming bank fraud trial, that Khamsomphou and her boyfriend Wesley Flowers had conspired with each other to prevent Chanthaseng from testifying by "scaring [her] off," and that on February 23, 2002, Khamsomphou committed an overt act in furtherance of the conspiracy by paying a hitman $500 and providing information about Chanthaseng's whereabouts so that he could intimidate Chanthaseng and her boyfriend into leaving town.

As to the witness tampering conviction, the jury heard testimony that on February 23, 2002, Khamsomphou participated in a phone call during which her meeting with the hitman was discussed, as well as the particulars of the proposed Chanthaseng hit. At her meeting with the hitman, Khamsomphou heard the hitman's plan to intimidate Chanthaseng. She also paid him $500 for his services. This payment was a substantial step in the causing of force or intimidation to be used against Chanthaseng for the purpose of preventing her testimony at Flowers' upcoming bank fraud trial.

2. Jury instructions.

■ The district court did not abuse its discretion, see United States v. Romero-Avila, 210 F.3d 1017, 1024 (9th Cir.2000), in responding to the jury note. It was proper to inform the jury that it could convict Khamsomphou of a lesser offense even if the jury found that she had been entrapped with regard to the six major offenses. Not only had the jury been instructed that it was to independently consider the entrapment defense with respect to the witness intimidation charge, see United States v. Chen, 754 F.2d 817, 825 (9th Cir.1985), but the court supplemented its instructions in response to a prior jury question and made it clear to the jury that the entrapment defense applied to each charge that Khamsomphou faced.

■ Khamsomphou's conviction on the lesser offenses and acquittal on the major counts does not compel us to conclude that the jury instruction was infirm. The jury could easily have found that even though Khamsomphou was entrapped into attempting to murder Chanthaseng, she had still plotted to harm Chanthaseng before the government became involved. Moreover, even if we were to conclude that the jury's verdicts on the major and lesser offenses were inconsistent, any seeming inconsistency in the verdicts does not constitute grounds for reversal as long as the evidence is sufficient on the counts of conviction. See United States v. Powell, 469 U.S. 57, 67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). That the evidence against Khamsomphou amply sustained her convictions is an additional reason that the district court's response to the jury's question was not an abuse of discretion.

3. Duress instruction.

 Nor did the district court err in refusing Khamsomphou's request for a duress instruction. *United States v. Shryock,* 342 F.3d 948, 987–88 (9th Cir. 2003). Khamsomphou failed to adduce even minimal evidence that she faced "an immediate threat of death or serious bodily injury." *United States v. Moreno,* 102 F.3d 994, 997 (9th Cir.1996). Although Khamsomphou feared both the hitman and the prisoner who put her in contact with the hitman, she was never threatened by either individual. Moreover, she openly defied their orders in refusing to meet with the hitman again after she paid him for the Chanthaseng hit. Therefore, she was not entitled to a duress instruction.

4. Sentencing enhancements.

We defer decision on Khamsomphou's argument that the district court erred by enhancing her sentence for threatening to cause physical injury to another and for substantial interference with justice based on facts not admitted to the court nor found by the jury. Because the mandate has not yet issued in *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004), and in light of the Supreme Court's recent grants of certiorari in *United States v. Booker,* 04–104, and *United States v. Fanfan,* 04–105, we believe it would be imprudent to decide this issue now.

5. Denial of sentencing reductions.

▮ The district court did not abuse its discretion in denying Khamsomphou a three-level reduction for being a minor or minimal participant in the witness tampering plot. *See United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994). On several occasions, Khamsomphou served as the conduit between Flowers and the hitman: she connected them via telephone, she brought the hitman money and provided him with information pertaining to the targeted witness.

▮ Nor did the district court abuse its discretion in denying Khamsomphou a two-level reduction for acceptance of responsibility. *See United States v. Velasco–Medina,* 305 F.3d 839, 853 (9th Cir. 2002). It evaluated both Khamsomphou's decision to go to trial on the witness tampering charges and her refusal to accept responsibility at several points during her allocution, and concluded that she was not entitled to any reduction. Because "the determination of the sentencing judge is entitled to great deference on review," U.S.S.G. § 3E1.1, cmt. n. 5, the district court did not abuse its discretion in denying Khamsomphou the reduction.

AFFIRMED in part, VACATED in part, and REMANDED.