NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30056 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00194-BLW |
| v. | |
| GARY RAYMOND HARVEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Gary Raymond Harvey appeals from the district court's judgment and

challenges his guilty-plea conviction and 36-month sentence imposed for making

false claims for refund, in violation of 18 U.S.C. § 287.   We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

Harvey contends that the district court erred by denying his motion for judgment of acquittal. Harvey waived the right to appeal the denial of the motion by entering an unconditional guilty plea. *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005).

Harvey next contends that the district court erred by denying him a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. He argues that the court failed to consider his allocution at sentencing and instead improperly weighed Harvey's constitutionally protected post-plea conduct against him. The record shows that the district court based its denial on the record as a whole and did not clearly err. *See United States v. Ramos-Medina*, 706 F.3d 932, 942 (9th Cir. 2013). Although Harvey ultimately admitted guilt, his actions were inconsistent with acceptance of responsibility and failed to show the requisite contrition to warrant the adjustment. *See* U.S.S.G. § 3E1.1 cmt. n.2; *United States v. Osinger*, 753 F.3d 939, 949 (9th Cir. 2014).

Finally, Harvey claims that the court erred by applying an adjustment pursuant to U.S.S.G. § 2B1.1(b)(9)(A). We review the district court's application of the Guidelines for abuse of discretion. *See United States v. Treadwell*, 593 F.3d 990, 1006 (9th Cir. 2010). Given the undisputed fact that Harvey represented

himself as acting on behalf of a religious organization, the court did not abuse its discretion in applying the enhancement.   *See* U.S.S.G. § 2B1.1(b)(9)(a), cmt. n.8(B).

**AFFIRMED.**