**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JEFFREY R. GREEN,
*Defendant-Appellant.*

No. 17-30227

D.C. No.
3:16-cr-00063-SLG-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 12, 2019
Anchorage, Alaska

Filed August 21, 2019
Amended October 7, 2019

Before:  A. Wallace Tashima, William A. Fletcher,
and Marsha S. Berzon, Circuit Judges.

Order;
Opinion by Judge Berzon

# SUMMARY[*]

## Criminal Law

The panel withdrew its opinion filed on August 21, 2019, and filed an amended opinion vacating a sentence and remanding for resentencing, in a case in which the defendant pleaded guilty to a single count of possession of a firearm as a felon.

The panel assumed, as the defendant did in his supplemental briefing, that the allocution issue raised on appeal was not adequately raised in the district court, and that plain error review therefore applies.

The panel held that the district court's conclusion—that it could not listen to the defendant's allocution before determining whether a reduction of acceptance of responsibility was warranted under the Sentencing Guidelines—is contrary to law. The panel concluded that there is at least a reasonable probability that after allocution, the district court could determine that an acceptance-of-responsibility reduction is appropriate; and that because a decision to grant the reduction would likely lead to a less severe sentence, the failure to consider the defendant's allocution—combined with the district court's faulty reliance on *United States v. Ginn*, 87 F.3d 367 (9th Cir. 1996) (concerning acceptance-of-responsibility for defendants convicted of multiple counts)—affected the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defendant's substantial rights and seriously affected the fairness of the proceedings.

## COUNSEL

Krista Hart (argued), Sacramento, California, for Defendant-Appellant.

Jonas M. Walker (argued), Assistant United States Attorney; Brian Schroder, United States Attorney; United States Attorney's Office, Anchorage, Alaska; for Plaintiff-Appellee.

## ORDER

The mandate issued on September 12, 2019 is recalled.

The opinion filed on August 21, 2019, appearing at 2019 WL 3939348, is hereby withdrawn. An amended opinion is filed herewith. The mandate shall reissue forthwith.

## OPINION

BERZON, Circuit Judge:

Must a district court decide on a defendant's eligibility for an acceptance-of-responsibility reduction in his Guidelines level before listening to the defendant's allocution? Our answer is "No."

# I

On June 3, 2016, a group of police officers went to Jeffrey Green's apartment in Anchorage, Alaska, and arrested Green on an outstanding warrant. While patting him down, an officer found a loaded revolver in Green's pocket. During a later search, the officers found two pistols stored inside a safe in a storage closet accessible from the apartment. Both pistols had been reported stolen.

The government charged Green, who had a long history of felony convictions, with a single count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Six months later, Green pleaded guilty. During his plea colloquy, Green admitted that he possessed the single revolver found in his pocket during the arrest and that he was a felon. But Green did not admit to all the conduct alleged in the single-count indictment. He made no admissions—or statements of any kind—regarding either of the pistols found in the safe.[1] The district court found that Green's admission regarding the revolver, coupled with his admission regarding his criminal history, provided a sufficient factual basis for the plea under Federal Rule of Criminal Procedure 11(b)(3).

After Green pleaded guilty, the district court directed the probation department to prepare a presentence report. That report concluded that Green should be assessed an offense level under the Sentencing Guidelines premised on possession of a total of three guns, two of which were stolen. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(1),

---

[1] The government offered Green a plea deal contingent on Green admitting possession of all three firearms. Green rejected this offer and instead pleaded guilty without an agreement with the government.

(b)(4)(A) (U.S. Sentencing Comm'n 2016).[2] The presentence report also concluded that Green was not entitled to any reduction for accepting responsibility because he had not admitted possession of the two pistols found in the safe. *See id.* § 3E1.1(a). Green objected to each of these conclusions. He primarily argued that the government "ha[d] not proven that the two additional firearms found in the storage closet were in Green's possession."

Because Green so objected, the court held an evidentiary hearing to determine whether Green possessed those firearms. *See id.* § 6A1.3 cmt. At this hearing, the government introduced a recording of Green speaking to a woman by phone after he was arrested. Green asked the woman, "Did they get my safe?" The woman replied, "I don't know. There was a locksmith. They had a locksmith come there. Yes. Shane said they got into it." Green then responded: "Oh, my God." Based on this audio and other evidence introduced by the government the district court concluded that the government had shown by a preponderance of the evidence that Green possessed the two pistols, and that he should thus be assessed the offense level for possession of stolen guns and for possession of three or more guns. The court left open whether Green should be awarded a reduction for accepting responsibility pursuant to Sentencing Guidelines section 3E1.1.

Two weeks later, on November 3, 2017, the district court held a second sentencing hearing. At the outset of this

---

[2] These Guidelines sections provide that "[i]f the offense involved three [to seven] firearms, increase" the offense level by two levels, Guidelines Manual § 2K2.1(b)(1), and that "[i]f any firearm [involved in the offense] was stolen, increase [the offense level] by 2 levels," *id.* § 2K2.1(b)(4)(A).

second hearing, the court entertained argument as to whether it should find that Green accepted responsibility under section 3E1.1. During argument, defense counsel told the court that Green "intends to allocute to this Court." Counsel further stated that he thought "the only way [Green will] be able to express [the] contrition [required by section 3E1.1] . . . is in that allocution."

After hearing counsel's argument but before hearing Green's allocution the court announced its conclusion regarding the acceptance-of-responsibility reduction—that the reduction was not appropriate. The sentencing court explained that it reached this conclusion largely because it viewed this case as analogous to *United States v. Ginn*, 87 F.3d 367 (9th Cir. 1996), which held that an acceptance-of-responsibility reduction was appropriate only where a defendant charged with multiple counts had accepted responsibility for all of the "counts of which he is convicted." *Id.* at 370; *cf. United States v. Garrido*, 596 F.3d 613, 619 (9th Cir. 2010) (holding that to remain eligible for the acceptance-of-responsibility reduction, a defendant need not accept responsibility for counts excluded from grouping under the Guidelines).

The district court recognized that "evaluating the acceptance[-of-responsibility reduction] . . . after an allocution might be helpful" in some circumstances. But it believed that under our case law, it could not hear from Green before determining the applicability of the reduction. In the district court's view, "the Ninth Circuit very clearly instructs district judges to determine the guidelines at the outset of sentencing proceeding[s]," and so before hearing from the defendant.

After explaining its decision regarding the acceptance-of-responsibility reduction, the court heard further argument

from counsel on the appropriate sentence under the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). It then provided Green his opportunity to speak. During his allocution, Green explained at length that he was "extremely sorry" for his actions.

Immediately following the allocution, the court sentenced Green to a 108-month term of imprisonment. The imposed sentence was within the range of 100 to 120 months recommended by the Guidelines calculation adopted by the district court. Had Green received the acceptance-of-responsibility reduction, the Guidelines recommended term would have been between 77 and 96 months. Green appeals his sentence.

## II

At issue in this appeal is the district court's decision not to reduce Green's offense level under section 3E1.1 of the Sentencing Guidelines based on acceptance of responsibility. We review any factual finding embedded in that determination for clear error. *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017). But we "review de novo whether the district court misapprehended the law with respect to the acceptance of responsibility reduction." *United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir. 2002); *see also United States v. Doe*, 778 F.3d 814, 821 (9th Cir. 2015).

A misapprehension of law occurred here. The district court believed that it had to determine whether Green had accepted responsibility *before* allowing Green his opportunity to allocute. That is not so.

In his supplemental brief, Green, citing Fed. R. Crim. P. 52(b), assumed that he did not adequately challenge the

district court's allocution ruling in that court, and that the plain error rule therefore applies here.  We shall also so assume.  *See United States v. Sum of $185,336.07 U.S. Currency*, 731 F.3d 189, 195 (2d Cir.2013); *United States v. McKinney*, 707 F.2d 381, 383 (9th Cir. 1983).  Green also did not raise the allocution issue in his initial briefing, but, as we have had full briefing, we exercise our discretion to consider the matter.  *See  United States v. Ullah*, 976 F.2d 509, 514 (1992) (the court has discretion to entertain an argument that is not raised).   We conclude that this misapprehension of law constituted plain error, vacate Green's sentence, and remand for resentencing.

## A

Before addressing the merits of this appeal, a brief review of the acceptance-of-responsibility reduction is helpful.  Sentencing Guidelines section 3E1.1(a) calls for reducing a defendant's offense level by two points when the district court finds that the defendant has "clearly demonstrate[d] acceptance of responsibility for his offense." "The primary goal of the reduction is to reward defendants who are genuinely contrite."  *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994).   When a defendant's "statements and conduct ma[k]e it clear that his contrition [is] sincere, he [is] entitled to the reduction," *Cortes*, 299 F.3d at 1038, even if that contrition is expressed at the "eleventh[]hour," *United States v. Hill*, 953 F.2d 452, 461 (9th Cir. 1991).

The Sentencing Guidelines commentary provides courts with guidance on how to evaluate whether a defendant has demonstrated the requisite contrition.   The Guidelines commentary instructs that courts may consider whether the defendant has, for example, "truthfully admitt[ed] the conduct comprising the offense(s) of conviction,"

"voluntar[ily] terminat[ed] or withdraw[n] from criminal conduct or associations," or "voluntar[ily] pa[id] restitution prior to adjudication of guilt." *See* Guidelines Manual § 3E1.1 cmt. n.1.

The Guidelines and our case law also provide specific guidance on how sentencing courts should evaluate the acceptance-of-responsibility reduction where, as here, the defendant has entered a plea of guilty. The Guidelines commentary explains: "Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility." *Id.* § 3E1.1 cmt. n.3. When a district court determines that a defendant's plea was adequately supported by the defendant's admissions, as the district court did here, that determination "compels the inference that [the defendant] had 'truthfully admitt[ed] the conduct comprising the offense of conviction.'" *United States v. Vance*, 62 F.3d 1152, 1158 (9th Cir. 1995) (second alteration in original). Although the Guidelines thus suggest that a guilty plea supported by truthful admissions by the defendant creates a presumption that the defendant will receive the acceptance-of-responsibility reduction, this presumption can be negated by other evidence that suggests the defendant has not in fact accepted responsibility for his actions. Guidelines Manual § 3E1.1 cmt. n.3. Such inconsistent conduct can include, for example, "falsely den[ying], or frivolously contest[ing], relevant conduct that the court determines to be true." *Id.* § 3E1.1 cmt. n.1(A).

**B**

The district court in this case did not cite any specific authority to support its premise that a sentencing court must reach its conclusion regarding acceptance of responsibility *before* hearing from the defendant.  The government argues on appeal that *Kimbrough v. United States*, 552 U.S. 85, 108 (2007), *Gall v. United States*, 552 U.S. 38, 49 (2007), and *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc), preclude a sentencing court from hearing a defendant's allocution before determining whether an acceptance-of-responsibility reduction is appropriate.

None of these cases so limits a sentencing court. *Kimbrough*, *Gall*, and *Carty* each make clear that sentencing courts "must treat the Guidelines as the 'starting point and the initial benchmark'" during sentencing.  *Kimbrough*, 552 U.S. at 108 (quoting *Gall*, 552 U.S. at 49); *see also Rita v. United States*, 551 U.S. 338, 347–38 (2007).  *Carty* explained that "[a]ll sentencing proceedings are to begin by determining the applicable Guidelines range."  520 F.3d at 991.  Likewise, *Gall* states that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  552 U.S. at 49.

The language in these cases, taken out of context, can perhaps be read to comport with the district court's understanding.  In context, however, it is apparent that these cases were not addressing the question before us—whether a district court must *begin* a sentencing hearing with a Guidelines calculation rather than announcing it once (1) all necessary factual information has been presented, (2) all relevant factual issues have been resolved, and (3) all pertinent argument has been heard.

The cases explain that when sentencing a defendant, a district court must determine the recommended sentencing range under the Sentencing Guidelines before making a holistic and individualized determination as to the appropriate sentence under those Guidelines and the 18 U.S.C. § 3553(a) factors. *Carty*, 520 F.3d at 991. It is in that sense that the ultimate "sentencing proceedings"—that is, the determination and announcement of the sentence to be imposed—"are to begin by determining the applicable Guidelines range." *Id.* None of these cases requires a district court to make a final calculation as to the appropriate Guidelines range at the outset of a sentencing hearing, even if the judge lacks the necessary information and legal argumentation to make an accurate, well-considered determination.

Indeed, in this case the district court did conduct an evidentiary hearing to determine whether it was appropriate to impose additional offense levels for the possession of stolen firearms, and the possession of three or more firearms. If *Kimbrough*, *Gall*, and *Carty* set forth the rigid rule the government now suggests, that rule would also make holding such an evidentiary hearing improper. Thankfully, *Kimbrough*, *Gall*, and *Carty* do not set forth such a counterproductive requirement. Neither the Guidelines nor the pertinent case law prefers ignorance over appropriate information collection and considered judicial reflection before calculating the applicable Guidelines range.

Three additional considerations support our conclusion that a district court can hear from a defendant before determining whether an acceptance-of-responsibility reduction is indicated under the Guidelines.

*First*, as a matter of practice, sentencing courts frequently consider the defendant's allocution when

considering whether an acceptance-of-responsibility reduction is warranted under the Guidelines. *See, e.g.*, *United States v. Goodson*, 920 F.3d 1209, 1211 (8th Cir. 2019); *United States v. Leasure*, 122 F.3d 837, 841 (9th Cir. 1997); *Hill*, 953 F.2d at 461, *United States v. Watt*, 910 F.2d 587, 589, (9th Cir. 1990); *see also United States v. Harvey*, 597 F. App'x 455, 456 (9th Cir. 2015); *United States v. Kamsomphou*, 111 F. App'x 937, 940 (9th Cir. 2004); *United States v. Thompson*, 49 F. App'x 749, 750 (9th Cir. 2002).

*Second*, the Sentencing Guidelines recognize that, in some cases, a "factor important to the sentencing determination [will be] reasonably in dispute." Guidelines Manual § 6A1.3(a). The Guidelines state that, in these circumstances, "the parties *shall* be given an adequate opportunity to present information to the court regarding that factor." *Id.* (emphasis added). Thus, the Guidelines recognize that in some circumstances, "determining the applicable Guidelines range," *Carty*, 520 F.3d at 991, may require a sentencing judge to evaluate affidavits, hear testimony or hold argument, depending on the nature of the factor in dispute. *See* Guidelines Manual § 6A1.3(a).

*Third*, and relatedly, when a court must resolve "disputed sentencing factors" as part of its sentencing determination, the Guidelines state that the sentencing court "*shall* resolve [those] disputed . . . factors . . . in accordance with [Federal] Rule [of Criminal Procedure] 32(i)." Guidelines Manual § 6A1.3(b) (emphasis added). Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), in turn, requires the sentencing court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." This rule, like its longstanding common law predecessor, affords the defendant the right "to present any

information in mitigation of punishment." *Green v. United States*, 365 U.S. 301, 304 (1961). There is particular need to give the defendant an opportunity to speak when a sentencing court must evaluate the defendant's character and credibility. In such a circumstance, even the "most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.*

A sentencing court is faced with precisely such a character-evaluation situation when assessing whether to apply the acceptance-of-responsibility reduction. The court's decision on the reduction turns on whether the defendant has expressed contrition and whether such expression is "sincere." *Cortes*, 299 F.3d at 1038. A defendant can hardly demonstrate sincere contrition to the court through his allocution if he cannot speak until after the sentencing court has already made up its mind as to whether he has done so.

## C

As noted, *supra* p. 7–8, we are assuming, as did Green in his supplemental briefing, that the allocution issue was not adequately raised, and that plain error review therefore applies.[3] Under plain error review, a reviewing court may grant relief where the district court erred so long as the error is contrary to the law at the time of the appeal, affects the defendant's substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial

---

[3] The government argues that Green has waived any challenge to the timing of the district court's consideration of the acceptance-of-responsibility reduction. But it cites no evidence that Green affirmatively waived the claim. *United States v. Depue*, 912 F.3d 1227, 1233 (9th Cir. 2019) (en banc).

proceedings. *See Depue*, 912 F.3d at 1232. We conclude that each of these conditions is met.

First, the district court's conclusion was undoubtably contrary to the law. As already discussed, no authority supports the proposition that a sentencing court cannot first hear from a defendant before determining whether a reduction for acceptance of responsibility is appropriate. And, all other relevant considerations—the practice of sentencing courts, the Sentencing Guidelines, and Rule 32(i) of the Federal Rules of Criminal Procedure—indicate that district courts regularly do and regularly should consider a defendant's allocution before determining whether to apply the acceptance-of-responsibility reduction.

The district court's error also affected Green's substantial rights and seriously affected the fairness of the judicial proceedings. In the sentencing context, these two considerations will normally merge. An error "affects substantial rights if the defendant can 'demonstrate a reasonable probability that [he] would have received a different sentence if the district court had not erred.'" *Id.* at 1234 (quoting *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013)) (second alternation in original). Similarly, an error seriously affects the fairness of a sentencing proceeding if that error "may have increased the length of a defendant's sentence." *United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011). In other words, we must conclude that there is a reasonable probability that Green could receive a lower sentence on remand once the district court considers his allocution. There is such probability.

To address the reasonable probability of a lower sentence, we first address Green's contention that the district court erred by comparing the circumstances in this case to

the circumstances in *United States v. Ginn*. When stating its conclusion that Green was not eligible for the acceptance-of-responsibility reduction, the district court reasoned that *Ginn* counsels against granting an acceptance-of-responsibility reduction where a defendant has pleaded guilty to a single count of possession of firearms, but does not admit to possession of all the firearms alleged in the indictment. If the district court properly analogized to *Ginn*, then there would be little probability that the district court would resolve the issue of Green's acceptance of responsibility in Green's favor on remand.

We conclude it was error to rely on *Ginn* to determine whether the acceptance-of-responsibility reduction was appropriate. *Ginn* and *Garrido*, read together, make a defendant ineligible for an acceptance-of-responsibility reduction where he has not accepted responsibility for all counts of which he was convicted, excluding counts that cannot be grouped under the Guidelines. *Ginn*, 87 F.3d at 370; *Garrido*, 596 F.3d at 619. That rule has little applicability to this case. Here, the government charged Green with only one count. Three guns were (superfluously) charged in that single count, and Green pleaded guilty to that count. Green was not convicted of possessing three guns, and he had no obligation to admit to possessing all three to accept responsibility for the only crime of which he was convicted. *See Vance*, 62 F.3d at 1158; *see also* Guidelines Manual § 3E1.1 cmt. n.1(A).

As the rule set forth in *Ginn* and *Garrido* regarding acceptance-of-responsibility reductions for defendants convicted of multiple counts is neither binding nor relevant in this case, the district court will on remand have to reconsider whether the acceptance-of-responsibility reduction is appropriate. In making that determination,

Green's posture concerning the two guns found in the safe may have some bearing. The two guns in the safe were found by a preponderance of the evidence to be in Green's possession and so to be related conduct. *See* Guidelines Manual §§ 1B1.3, 3E1.1 cmt. n.1(A). "A defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a[n acceptance-of-responsibility] reduction." *Id.* § 3E1.1 cmt. n.1(A). But "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.*; *see also id.* § 1B1.3.

The district court specifically found that Green did not falsely deny possession of these two guns. But it did not determine whether Green "frivolously contest[ed]" possession of these guns. Thus, on remand the district court can consider whether Green has "frivolously contest[ed]" possession of the two other guns, *see United States v. Ramos-Medina*, 706 F.3d 932, 942 (9th Cir. 2013), or whether he has otherwise "acted in a manner inconsistent with acceptance of responsibility." Guidelines Manual § 3E1.1 cmt. n.1(A); *see also id.* § 3E1.1 cmt. n.3. If he has engaged in such inconsistent conduct, the Guidelines direct that the court should consider whether such inconsistent conduct outweighs the affirmative evidence indicating Green has accepted responsibility, including his decision to enter "a plea of guilty prior to the commencement of trial" and "admit[] the conduct comprising the offense of conviction." *Id.* § 3E1.1 cmt. n.3.

Under these standards, the district court could conclude, taking into account the allocution, that Green meets the acceptance-of-responsibility requirements with regard to related conduct. There is at least a reasonable probability

that after allocution, the district court could determine an acceptance-of-responsibility reduction appropriate. And because a decision to grant an acceptance-of-responsibility reduction would likely lead to a less severe sentence for Green, the failure to consider Green's allocution—coupled with the district court's faulty reliance on *Ginn*—affected Green's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings.

\*     \*     \*

We hold that the sentencing court erred by concluding that it could not first hear from the defendant before determining whether a reduction for acceptance of responsibility was warranted under the Sentencing Guidelines. We also conclude that this misapprehension was plain error and so vacate the sentence and remand for resentencing.

**Sentence VACATED and REMANDED for resentencing.**